MARTHA ELIZA McGEE v. J. C. HOLMES.

1. TAX-TITLE. *Three years limitation, when available. Section* 539, *Code* 1880. Section 539 of the Code of 1880, which provides that, "Actual occupation for three years, after one year from the day of sale, of any land held under a conveyance by a tax collector, in pursuance of a sale for taxes, shall bar suit to recover such land, or assail such title, because of any defect in the sale of such land for taxes, or in any precedent step to said sale," cannot be availed

of where the occupant could not, if his tax-title were perfect, assert it against the claimant of the land.

2. Same. *Purchase by one claiming under mortgagee. Redemption. Section 539, Code 1880.*

M., being the owner of a tract of land, died in 1863, leaving a widow and children. The widow, in her individual capacity, sold the land to L., who took possession of the same, and in 1875 executed a deed of trust thereon in favor of C. & Co. In 1879 she died. The firm of C. & Co. was dissolved and T., a member thereof, received possession of the land under the deed of trust from L. While T. was thus in possession the land was sold to the State for taxes. In 1880 T. bought the State's tax-title, and subsequently sold the land to H. Soon thereafter an action of ejectment was brought by the sole surviving heir of M. to recover the land from H. The latter plead the statute of limitations above quoted. *Held,* that T , being in possession of the land as mortgagee under L., who had entered under the claim of the widow, was, after the termination of the life estate, under the duty, as tenant by sufferance of the heirs-at-law, of paying the taxes on the land, and his purchase did not invest him with any tax-title which he could assert against the plaintiff, but as to the latter operated merely as a redemption.

Appeal from the Circuit Court of Winston County.

Hon. W. M. Rogers, Judge.

The case is stated in the opinion of the court.

*Rives & Rives,* for the appellant.

Tyson's possession was of such a character that he could not purchase the tax-title and set it up against the right under which he held. The court should not have permitted Tyson's alienee to have done what, clearly, he could not. *Rule* v. *Broach,* 58 Miss. 552.

Holmes knew at the time of his purchase that it was rumored that plaintiff claimed the land. If he had inquired of his vendor, Tyson, he would have known certainly of the claim, for Tyson says that he knew that the heirs of Francis Marion McGee claimed the land, and he supposed Anderson (who acted as agent for Holmes in the purchase) also knew that fact. On this point see Malone on Real Property Trials 145; *Tatum* v. *McLelland,* 5 Miss. 352.

As to the statute of limitations, with reference to tax-titles, that is not involved in this cause, for under the facts the defendant is estopped from setting up the tax-title. *Rule* v. *Broach, supra.*

*Charles Richardson,* for the appellee.

The widow of Francis M. McGee and her vendees were not under a fiduciary relation to the heirs of Francis M. McGee, and not estopped from purchasing any outstanding title against them.

It is not disputed that the widow died before the purchase of the tax-title by Tyson. If there ever existed any relation that estopped the vendees of the widow from purchasing a tax-title as against the heirs of Francis M. McGee, it ceased with her death, or the disclaimer of her vendees, and set the limitation in motion. 5 Pet. 491, 492 ; 4 How. (U. S.) 289 ; 24 Wend. 451 ; 16 Johns. 292 ; 5 Cow. 346 ; 3 Peters 43 ; 44 Cal. 385 ; 13 Peters 14 ; 14 Peters 156 ; 5 Ala. 407–410 ; 9 Ill. 336 ; 27 Ga. 507 ; 18 Tex. 113 ; 9 Ark. 335 ; 4 Wait's Act. & Def. 176–179.

The general current of authority now is, and especially under our constitution, that a person in possession claiming title, and not under a fiduciary relation to another, is not precluded from buying a better title at tax sale. Cooley on Taxation 348, 351.

Cooper, C. J., delivered the opinion of the court.

The land sued for in this action was owned by Francis M. McGee, the father of the appellant, who died in 1863, leaving a widow, Mary A. McGee, and three children, two of whom have since died unmarried. Mrs. McGee died in 1879.

Before her death, Mrs. McGee, claiming the land only as widow of her deceased husband, sold the same to one Loyd, who went into possession, and in 1875 executed a deed of trust on the land to the firm of Constantine & Co. This firm was dissolved, and one Tyson, who was one of the members thereof, entered into possession of the land, claiming under the deed of trust executed by Loyd. After Tyson had gone into possession, the land was sold for the taxes of the year 1874 and purchased by the State, and in 1880 Tyson purchased the same from the auditor of public accounts, and in 1882 sold it to the defendant, Holmes. The plaintiff, who was born in 1859, instituted this action of ejectment against Holmes, who seeks to defend his possession under the tax-title thus acquired.

At the instance of the defendant, the court instructed the jury that if the defendant had been in the actual possession of the land for more than three years before suit brought, claiming the same under a sale for taxes made in 1875, then the plaintiff could not recover.

The provision of the code, § 539, Code of 1880, under which this instruction was asked, was not intended to apply to cases in which, if the tax-title were valid, the defendant could not avail himself of it as against the plaintiff. Its effect is to protect from assailment the tax-title of one who, being authorized under the principles of law to claim under a sale for taxes, finds his title, which, if valid, would protect his possession, attacked for irregularities existing in the proceedings of sale. It has no application in those cases in which, if the title was formally and substantially perfect, the defendant could not avail of it by reason of some personal disability, which would preclude him from asserting it as against another toward whom he owed the duty of discharging the taxes for which the sale was made. At the time of the sale for taxes, Tyson was in possession of the land as mortgagee under Loyd, who had entered upon the land under the claim of the widow, and though her life estate had terminated by death, Loyd and those claiming under him were tenants at sufferance to the heirs-at-law. *Day* v. *Cochran*, 24 Miss. 261.

Under such circumstances, the purchase of the State's title should be treated as a redemption, and ineffectual to divest the title of the heir-at-law.

*The judgment is reversed and cause remanded.*