69  747
72  156

G. MILTON JONES ET AL. *v.* J. G. MERRILL ET AL.

1. TAX-TITLE. *Who may buy. Life-tenant.*

One who has acquired and holds the life-estate of another in land, cannot, in the life-time of such other, acquire and set up against the remainder-men a tax-title thereto, although the forfeiture for taxes occurred before he acquired such life-estate.

2. SAME. *Purchase by life-tenant. Previous claim of ownership.*

Nor is he relieved of such disability by the fact that, before he acquired the life-estate, he had entered and was in possession under a previous tax-title, this being void and having been so adjudicated at the suit of the remainder-men.

3. SAME. *Statute of limitation. Act 1888. Life-tenant cannot invoke.*

A life-tenant, being under disability to buy and set up a tax-title against the remainder-men, cannot avail of the limitation of one year prescribed by the act of March 2, 1888 (Laws, p. 40), in favor of those in possession under the state's deed. *McGee* v. *Holmes,* 63 Miss., 50.

4. RES JUDICATA. *Limitation. Failure to plead.*

Where a suit is brought to cancel a tax-title, and defendants, who had been in possession for more than three years, fail to plead the limitation prescribed by § 539, code 1880, and a decree is rendered canceling the tax-title, the heir of one of the defendants who continues in possession,

cannot afterwards invoke the said statute against the complainants. After the decree of cancellation, the tax-title is as though it had never existed.

5. ADVERSE POSSESSION.  *Limitation.*  *Purchase of life-estate.*

Although one is in possession of land claiming adversely under a void tax-deed, his purchase of a life-estate therein will render such possession lawful thereafter, as against the remainder-men, and will stop the running of the statute of limitations against them.

FROM the chancery court of the first district of Hinds county.

HON. H. C. CONN, Chancellor.

The case is stated in the opinion.

*Frank Johnston,* for appellants.

The former decree, canceling the tax-title of 1868, is conclusive against appellee, who holds through one of the defendants in that suit.

If we assume that the taxes were not paid for 1874, and the sale to the state, in 1875, was valid, the auditor's deed to Mrs. Merrill, in 1888, was invalid, because she was not within the contemplation of the act of 1888, not being a purchaser under the decree in *Green* v. *Gibbs.* The tax-title of 1868, under which she claimed, had been declared void, and vacated. It was as if it had never been.

Mrs. Merrill, being the owner of the life-estate, could not purchase the tax-title, and defeat the remainder-men.  There is no distinction in this respect between the life-tenant and his grantee.  The purchase will be deemed a redemption, since it is the duty of the life-tenant to pay the taxes.  See 22 Me., 331; 34 Ill., 175; 40 *Ib.*, 261; 4 Blatch. (C. C.), 112. The case of *Stewart* v. *Matheny,* 66 Miss., 21, is directly in point.

*Calhoon & Green,* for appellees.

Merrill was not disqualified to buy, and set up the tax-title of 1875.  *Stewart* v. *Matheny* was a case where a tenant for

life went into possession under the common title. But here Merrill had been in possession, claiming adversely, more than three years before he bought the life-estate. His adverse possession continued all the time, and he had the right to buy up an outstanding title. Complainants cannot complain. The state was the true owner, and conveyed its title to Merrill. This defeated the title of the life-tenant and the remainder-men.

Defendant was a purchaser under the act of 1888, and had been in possession more than one year. This made the title unassailable. Laws 1888, p. 40.

Besides, defendant had been in possession more than three years, from 1880, under the tax-title derived under the decree in *Green* v. *Gibbs*, and more than ten years before decree in this case.

The statute did not stop running by the cancellation of the levee tax-title. *Bell* v. *Coates*, 56 Miss., 776. Nor did the acquisition of the estate of the life-tenant stop the running of the statute. *Jonas* v. *Flanniken, ante*, p. 577.

Argued orally by *Frank Johnston*, for appellants, and *M. Green*, for appellees.

COOPER, J., delivered the opinion of the court.

Assuming all controverted facts to be in favor of the appellees, the history of the title of the lands in controversy, chronologically stated, is this:

In May, 1868, the lands, then being owned by George E. Williams, were sold for the non-payment of levee taxes, and at said sale were bought by the liquidating levee board. In September, 1868, Williams conveyed the lands to Mrs. M. A. V. Crawford and others, reserving to himself an estate for his own life therein. The title thus conveyed, it is agreed, afterwards passed to the complainants, but the date does not appear. In 1870 the lands were again sold for levee taxes, and conveyed to the levee board, but were redeemed by Williams

before the period for redemption had expired. In 1875 the lands were sold for the non-payment of the state and county taxes of the year 1874, and at such sale were struck off to the state. On July 30, 1880, Gwin and Hemingway, liquidating levee commissioners, acting under the decree in *Green* v. *Gibbs*, conveyed to J. M. Matthews such title as was vested in them by virtue of the tax-sale of May, 1868, and Matthews thereupon entered upon said lands, claiming under said deed, and remained in possession more than three years after the adoption of the code of 1880, and died, leaving surviving him his widow, M. J. Matthews, and several children. On August 30, 1886, George E. Williams conveyed his life-estate in the lands to Mrs. M. J. Matthews, the widow of J. M. Matthews. In 1887 the appellants, claiming as remainder-men after the life-estate should terminate, exhibited a bill in the chancery court of Bolivar county against the widow and children of J. M. Matthews, praying cancellation of the tax-deed of May, 1868, and the conveyance by Gwin and Hemingway to J. M. Matthews. Upon final hearing, relief was granted as prayed, and said conveyances were canceled.

Mrs. Matthews, the widow of J. M. Matthews, married J. G. Merrill, and died childless, whereby her husband inherited her estate; and after her death, and on June 20, 1888, J. G. Merrill, claiming to be a purchaser of the lands under the decree in *Green* v. *Gibbs*, procured from the auditor a conveyance of the state's title derived under the tax-sale of 1875, under the provisions of the act of March 2, 1888, entitled "An act to quiet and settle the title to certain lands in the Yazoo Delta, which were sold by the commissioners of the chancery court for the first district of Hinds county, in the case of *Joshua Green and others* v. *Hemingway & Gibbs, treasurer and auditor and ex officio levee commissioners.*" Laws, p. 40.

The appellants, after this, applied to the auditor to purchase the title of the state, contending that, the deed from Gwin and Hemingway to Matthews having been canceled by

the decree of the chancery court of Bolivar county, Mr. Merrill could no longer be considered as claiming thereunder, and was therefore not within the terms of the act of March 2, 1888, and that the deed from the auditor to him was a nullity by reason of want of authority in the auditor to make the conveyance to him.

The auditor claimed that, having made the conveyance to Mr. Merrill, the state no longer had any title to convey to complainants, and refused to execute a deed as requested. Other facts appear in the record, but they are unimportant for the decision of the cause. On the above facts, the appellants seek, by their present bill, to cancel the conveyance made by the auditor to Merrill, and to compel him to execute a deed to them, conveying the state's title derived under the tax-sale of 1875.

The defendant, Merrill, relies, first, upon the validity of his title acquired by conveyance from the auditor, and, if this should be held defective, then upon an actual occupation of the land for more than twelve months, under such deed, before the institution of this suit. If neither of these defenses shall be sustained, he then relies upon actual occupation of those under whom he claims for more than three years, under the conveyance from Gwin and Hemingway to J. M. Matthews, and before the institution of the suit in the chancery court of Bolivar county by the present complainants against the heirs at law of said J. M. Matthews for the cancellation of said conveyance; failing in this, he then invokes the general statute of limitation of ten years.

Of these defenses in their order of statement: The title of the state, derived under the sale for taxes in the year 1875, and conveyed by the auditor to the defendant in August, 1888, cannot be invoked by the defendant to destroy the estate in remainder of the complainants. At the time of the purchase by him of this title, he was tenant for life of the land, and the conveyance of the state's title to him inured to the benefit equally of his life-estate and of complainants' es-

tate in remainder.   It was the duty of Williams, who then
held the life-estate now owned by the defendant, to pay the
taxes for which the land was sold, and he certainly could not
have defeated the estate in remainder by permitting the sale
for taxes and then purchasing the title acquired by the state
at such sale.   The defendant, by the death of his wife, to
whom Williams had conveyed his life-estate, took the same
by inheritance, and was the owner thereof at the time of his
purchase of the state's title.   He was in privity with the
original life-tenant, and, as between himself and the remain-
der-men, his estate was primarily chargeable with all taxes
which had accrued upon the lands during the life-tenancy.
Accepting the life-estate, he took it charged with the disabil-
ity of destroying the estate in remainder to the same extent
that the original life-tenant was so disqualified.   The estate
for life was a single and entire estate in whomsoever it might
be vested, and carried with it both the benefits and burdens
incident thereto.

At the time of this purchase the defendant had no other
title to the land; all claim on the part of the heirs at law of
J. M. Matthews (of whom his deceased wife had been one),
under the conveyance from Gwin and Hemingway, had been
swept away and dissipated by the decree of the chancery
court of Bolivar county.   That claim was as though it had
never been, and the possession and ownership of the land by
the defendant was in law referable only to the life-estate con-
veyed by the deed from Williams to Mrs. Matthews, and in-
herited from her by the defendant.

Being under disability to buy and set up the state's title as
against the remainder-men, the limitation prescribed by the
fourth section of the act of March 2, 1888, cannot be in-
voked by the defendant.   *McGee* v. *Holmes*, 63 Miss., 50.

The next defense for consideration is that of three years
actual occupancy by Matthews under the Gwin and Heming-
way conveyance.   By § 539 of the code of 1880, it is pro-
vided that "actual occupation for three years, after one year

from the day of sale, of any land held under a conveyance by a tax-collector, in pursuance of a sale for taxes, shall bar any suit to recover such land or assail such title because of any defect in the sale of such land for taxes, or in any precedent step to said sale, saving to minors," etc. It is upon this statute that the defense now under consideration rests.

We do not now decide, for it is unnecessary to do so, whether the limitation by this section may be invoked as against remainder-men where the occupation relied on runs during the existence of the particular estate, and, consequently, at a time when no action could be brought by them for the recovery of the land. It is sufficient now to say that if this defense could have been relied on, it should have been invoked by the defendants in the proceedings instituted by complainants in the chancery court of Bolivar county for the cancellation of the tax-titles under which the possession is now claimed to have been held. If the defense is available now to the present defendant, it was then available to the defendants in that suit, and should have been relied on. But they failed to do so, and by the decree in that cause this title was entirely destroyed. After that decree had been rendered, that title was, as to the defendants in that suit and those in privity with them, as though it never had been. It no longer exists as a sufficient defense in itself, or as part of any defense. It is incompetent as evidence, for, by the decree of a competent court, it has been declared a nullity, and, being a nullity, it is no more evidence of a " conveyance by a tax-collector " than it is of a *valid* conveyance under a valid sale for taxes.

The only remaining defense to be noted is that of the ten-years' statute of limitation. There are two reasons why this cannot be maintained. First, this bill was exhibited July 17, 1890, and the conveyance to Matthews under which possession was first taken, was July 30, 1880. So, less than ten years elapsed from the first claim of title or possession to the institution of this suit. Second, the adverse character of the pos-

session of Mrs. Matthews, whose title the defendant claims, was terminated in August, 1886, when she received from Williams a conveyance of his life-estate in the land. After that, her possession was a lawful one as against the appellants, and would have defeated any suit they might have brought against her.

*The decree is reversed and cause remanded.*