## L. C. SMITH *v.* T. S. McWHORTER ET AL.

TENANTS IN COMMON. *Purchase by one. Innocent party.*
   A tenant in common who purchases the joint estate under a deed of trust will hold the same as trustee for all the tenants; but adult co-tenants, with knowledge or sufficient information to charge them with knowledge, must elect within a reasonable time, to hold the purchaser as a trustee, otherwise, those who acquire rights in the property from him in good faith will be protected.

FROM the chancery court of Lauderdale county.

HON. W. T. HOUSTON, Chancellor.

Mrs. E. N. McWhorter died in 1893 owning, subject to the deed of trust next herein mentioned, the lands in controversy. In 1892 Mrs. McWhorter and her husband executed a deed of trust on the lands to secure a debt due to Chiles & Walker. A sale was made under the deed in November, 1893, after Mrs. McWhorter's death, and the lands were purchased by Mona McWhorter, one of the heirs of the decedent, she and her co-heirs residing at the time on the land.

Afterwards, Mona McWhorter and D. O. McWhorter, the husband, and an heir of the decedent, executed a deed of trust to L. C. Smith. D. O. McWhorter, the husband, died in

1894.　In February, 1895, the lands were sold under the deed of trust to Smith, and were purchased by him.　The day before this sale the bill in this case was filed by the heirs of Mrs. McWhorter other than Mona McWhorter (and they were the heirs with said Mona, of D. O. McWhorter, deceased, as well), and one of them was an infant at the time, seeking partition of the lands.　The defendants were Mona McWhorter, L. C. Smith, and the trustee in Smith's deed of trust.

*J. P. Walker*, for appellant.

Smith is a subsequent, remote, and innocent purchaser without notice, for a valuable consideration.　The title was in Mona McWhorter, and if there was a trust it was undisclosed.　*Clark* v. *Rainey*, 72 Miss., 157; Hill on Trustees, 509; 27 Am. & Eng. Enc. L., 264, 265, note; Lawson's Rights & Remedies, vol. 4, p. 3381; Pomeroy's Eq. Juris., vol. 2, sec. 767 and sec. 770.　Smith was not at the sale at which Mona McWhorter purchased.　He knew nothing about it, except what the records showed.　There is nothing in the testimony to show that anything ever came to his knowledge to put him on inquiry.

If complainants, or any of them, ever had any right to avail themselves of Mona McWhorter's purchase, that right is lost by lapse of years and by reason of interests acquired by innocent third parties.　*Burr* v. *Muller*, 65 Ill., 258; 11 Am. & Eng. Enc. L., 1082; *Wood* v. *Augustine*, 61 Mo., 46; 26 Am. & Eng. Enc. L., 934.　But, even if complainants, or any of them, have any interest in the land in controversy, the bill they exhibit does not entitle them to any relief.　They do not offer to contribute their part of the purchase money paid by Mona McWhorter.　They must offer to do equity before they can have relief.

*Miller & Baskin*, for appellees.

Mona McWhorter, being a tenant in common with complainants, could not buy in an outstanding title or incumbrance so

as to defeat the complainants of their rights.    *Knolls* v. *Barn-hart et al.*, 71 N. Y., p. 474.    But it is seriously contended in the answer that, even if the defendant, L. C. Smith, is not the owner of the property herein claimed by him, yet, it would be inequitable for these complainants to claim said property because of some presumed doctrine of estoppel based upon the idea that supplies were obtained by Mona McWhorter from Smith.    We cannot understand how this can be contended, in view of the decision of *Brantley* v. *Wolf*, 60 Miss., 420, where it is definitely determined that, before an infant can be estopped by conduct, it must be shown that he was old enough and cunning enough to contrive and carry out a fraud, and there is no pretense that the complainants in anywise ever contributed in the least towards imposing upon the defendant, Smith, or anyone else.    Smith knew that complainants, and defendant, Mona McWhorter, were tenants in common of said property, and that, therefore, Mona McWhorter could not buy in an outstanding title as against complainants herein.

Argued orally by *J. P. Walker*, for appellant.

Cooper, C. J., delivered the opinion of the court.

By reason of her connection with the appellees as tenants in common of the lands sought to be divided, Miss Mona McWhorter ought not, under the circumstances disclosed, to be permitted to hold title to the land under her purchase at the trustee's sale.    But the appellees are, in our opinion, precluded from asserting their rights as against the appellant, Smith. That he was a *bona fide* incumbrancer of the land, at the time the bill was exhibited seems clear.    It was exhibited the day before the sale under the deed of trust was advertised to be made, and though no reference to the incumbrance is made in the bill, which purports to be one for partition only, it is evident that its principal object was to test the validity of the security held by Smith.    As he had at that date no interest in

the land other than that of an incumbrancer, it cannot be doubted that he was made a party in order that the question might be settled whether his security bound any other share in the land than that of Mona McWhorter. We fail to perceive any evidence supporting the contention of appellees that the deed of trust to Chiles & Walker, at the sale under which Mona McWhorter became the purchaser, had been paid before the sale. On the contrary, we think it manifest that payment was designedly not made, in order that the sale might occur and the land be purchased by Mona McWhorter.

If the appellees, who were then of age, were not consulted in reference to the arrangement, they were chargeable with notice of what had been done, and reasonable inquiry would have disclosed the manner in which Mona was dealing with the land. She was not a trustee for the appellees, unless they should elect so to deal with her; and, if they desired and intended to claim that she was, it devolved upon them to act within a reasonable time, and before the rights of innocent. third persons, induced to deal with her by her apparent ownership of the land, had intervened. Perry on Trusts, secs. 166, 218, 219, 829. No appeal has been prosecuted from the decree of the court below by any of the defendants, except Smith. We are, therefore, not concerned with the question whether any of the appellees are precluded from now fixing upon Mona McWhorter the character of trustee. As to Smith, none of the appellees is entitled to the land discharged of the incumbrances he holds. As he had not secured the legal title to the land when the bill was exhibited, his rights are to be tested by the condition of things then existing. The court should have required the petitioners to pay to Smith the sum for which he held a lien upon the land as the condition on which partition would be awarded, and, if that should not be done within a reasonable time, should have dismissed the petition. Upon the return of the cause to the court below, such decree should yet be made.                                    *The decree is reversed.*