CHARLES BEAMAN ET AL. *v.* EDWARD BEAMAN ET AL.

[44 South., 987.]

TENANCY IN COMMON. *Rights of Cotenants. Purchase of outstanding title. Wife of Cotenant. Husband and wife. Lands.*

Where the land of cotenants is subject to a superior lien granted by a former owner and is sold thereunder:—

(*a*) A purchase by one cotenant will inure to the benefit of all the tenants; and

(*b*) A purchase by the wife of one of the cotenants will likewise inure to the benefit of all of them, although married women have been wholly emancipated from common law disability on account of coverture.

FROM the chancery court of Attala county.

HON. JAMES F. McCOOL, Chancellor.

Edward Beaman and others, appellees, were complainants in the court below; Charles Beaman and others, appellants, were defendant there. From a decree overruling defendants' demurrer to the bill of complaint the defendants appealed to the supreme court. The suit was for the cancellation of deeds under which some of the defendants claimed the land, and for a partition thereof between the parties in interest, with an accounting for rents, etc.

The land formerly belonged to one Alexander Beaman, who, in his lifetime, executed a deed of trust upon the same to secure a debt due to one of his creditors. Alexander Beaman died intestate, leaving the debt unpaid, and the land descended to his children, his heirs, as tenants in common. Thereafter the secured creditor caused the land to be sold under the deed of trust and the same was purchased by Joanna Beaman, the wife of Charles Beaman, one of the children and heirs of the original owner.

Each of the complainants is a child and heir of the de-

ceased Alexander Beaman; the defendants are: Charles Beaman, one of said children, and heirs; his wife, Joanna, the purchaser, as above stated, and persons holding under them.

The statute, Code 1892, § 3101; Code 1906, § 3526, authorizes controverted titles and all equities to be disposed of in partition suits.

*S. L. Dodd,* for appellants.

The attention of the court is invited to § 2289 of the Code of 1892, which was the law in force at the time Joanna Beaman purchased the land at the trustee's sale.

"Married women are fully emancipated from all disabilities on account of coverture; and the common law, as to the disabilities of married women and the effect on the rights of property of the wife, is totally abrogated, and marriage shall not impose any disability or incapacity on a woman as to the ownership, acquisition, or disposition of property of any sort, or as to her capacity to make contracts and to do all acts in reference to property which she could lawfully do if she were not married; but every woman now married or hereafter to be married, shall have the same capacity to acquire, hold, manage, control, use, enjoy and dispose of all property, real and personal, in possession or expectancy, and to make any contracts in reference to it, and to bind herself personally, and to sue and be sued, with all the rights, and liabilities incident thereto, as though she were not married."

If the plain language of the law as above named imposed no disability upon Joanna Beaman, and she could acquire property, as though she were not married, "why could she not invest her money as she saw proper?"

To say that Joanna Beaman could not purchase land, and acquire title to it because she was the wife of Charles Beaman, who was a son of Alexander Beaman, is to impose upon her a disability that the law does not permit.

It is plain that if Joanna Beaman can acquire property after

marriage as fully and as completely as before marriage, or as if she were not married at all, then for the court to hold that she was under disability to acquire property by reason of her being the wife of Charles Beaman would be to engraft an exception on the statute that it does not contain.

We are met with the argument of the counsel for appellee who cite, *Robinson* v. *Lewis,* 68 Miss., 69, s.o., 8 South., 258, which refers to a sale of land for taxes, where Lewis had purchased at a tax sale the interest of Criddle, his wife's brother.

That case has no application to the one at bar; Joanna Beaman was not a party, nor in any manner interested in the land sold by Fletcher, trustee, when she purchased the same.

She was under no obligation to pay off and discharge any lien or incumbrance on the lands of Alexander Beaman, deceased, because she was not an heir at law; no distress could have been had or taken against her on the default in payment of taxes on the land in suit by the heirs of Alexander Beaman, for she was not an heir, nor did she hold as in privity with the other cotenants.

It has been well said that the rule which prevents one spouse from securing the title where the other is disqualified, rested only upon a supposed privity of estate between them, but our statutes, above referred to, have wiped out and destroyed all such contention.

And we are again met by counsel for the appellee that Joanna Beaman could not prchase the land because public policy imputes to her those facts the existence of which precludes the other from action.

If that is the law, then the statute above referred to, which gives married women the right to acquire property as though they were not married, is abrogated by the courts, and the plain and manifest meaning of the law as written in the statute, is made to yield on some untenable ground, on a fiction, or a myth, when the plain letter of the law gives Joanna Beaman the same right to purchase the land and pay her money for

it, as though she never knew in her life an heir of Alexander Beaman.

*Luckett & Guyton,* for appellees.

"A tenant in common who purchases the joint estate under a deed of trust will hold the same as trustee for all the tenants." *Smith* v. *McWhorter,* 74 Miss., 400, s.c., 20 South., 870; *Wyatt* v. *Wyatt,* 81 Miss., 219, s.c., 32 South., 317; *Walker* v. *Williams,* 84 Miss., 392, s.c., 36 South., 450.

If Charles Beaman was disqualified from purchasing the land at the trustee's sale, because he was a tenant in common, with the other heirs of the land sold, then he could not purchase same in the name of his wife for her nor could she purchase it in her own name. *Robinson* v. *Lewis,* 68 Miss., 69, s.c., 8 South., 258; *Hamblet* v. *Harrison,* 80 Miss., 118, s.c., 31 South., 580.

In both of the above cases the court uses this strong language: "If the rule which prevents one spouse from securing a title where the other is disqualified, rests only upon a supposed privity of estates between them, it might well be argued that our statutes upon the subject have destroyed its foundation. But the rule is founded upon consideration of public policy, and conclusively imputes to the one, as derived from the other, knowledge of those facts, the existence of which precludes the other from action. The opportunities that would be afforded for fraudulent practices would be so numerous and the difficulty of exposing them so great, that the courts apply the doctrine of estoppel to both, and thus close the door that offers the temptation."

CALHOON, J., delivered the opinion of the court.

Without especial consideration in detail of the various grounds of demurrer so ably argued, it is plain that appellant's case is without life if Mrs. Joanna Beaman, wife of Charles Beaman, could not buy, either for cash or on credit, at the

sale by the trustee in the trust deed of Alexander Beaman, the ancestor. Charles Beaman was a cotenant, and, with his wife, was in actual possession of the land when his father died and when the trustee sold and she bought. If he had bought, the purchase, subject to what he paid in satisfaction of his father's debt, would plainly have inured to the benefit of all the cotenants, and himself as one of them. *Smith* v. *McWhorter,* 74 Miss., 400, 20 South., 870; *Walker* v. *Williams,* 84 Miss., 392, 36 South., 450; *Wyatt* v. *Wyatt,* 81 Miss., 219, 32 South., 317. The inability of a cotenant to buy for himself or herself is based on grounds of public policy. On the same grounds of public policy, the husband or wife cannot so purchase. *Robinson* v. *Lewis,* 68 Miss., 69, 8 South., 258, 10 L. R. A., 101, 24 Am. St. Rep., 254; *Clark* v. *Rainey,* 72 Miss., 151, 16 South., 499; *Hamblet* v. *Harrison,* 80 Miss., 118, 31 South., 580. It cannot affect this conclusion that it is held in *Means* v. *Haley,* 86 Miss., 557, 38 South., 506, that the wife of the selling tax collector may buy at a tax sale. This involves no question of cotenancy of the tax collector or the purchaser.

The fact that the law emancipating women, and giving them the same rights as men to acquire and hold and sell property, is of no avail to Mrs. Beaman. Her husband had the same right. The law of emancipation gives her no right superior to his; but neither he nor she, being his wife, could acquire adverse rights by purchase, because it is in contravention of public policy. Tender is unnecessary. The bill does not seek to stop any procedure, but recognizes the rights of Doty, the assignee, who must, of course, be protected.

*Affirmed and remanded, with leave to answer within thirty days after mandate filed below.*