DR. J. P. CONN AND T. J. COLLINS v. ROSA C. BOUTWELL.

[58 South. 105.]

1. CONVEYANCE TO HUSBAND AND WIFE.   *Code of* 1906, *section* 2770.   *Bona fide purchaser.   Infants.   Ejectment.   Equal equities.*

Under section 2770, Code of 1906, which has been the law in this state since the adoption of the Code of 1880 and which provides that "all conveyances or demises of land made to two or more persons or to a husband and wife, shall be construed to create estates in common, and not in joint tenancy or entirety, unless it manifestly appears from the tenor of the instrument, that it was intended to create an estate in joint tenancy or entirety with the right of survivorship," a deed to a husband and his wife creates an estate in common and each owns an undivided one-half interest in the land.

2. INFANTS.   *Conveyances.   Avoidance.   Bona fide purchaser.*

The right of an infant to void his contract is an absolute and paramount right, superior to all equities of other persons and may be exercised against a bona fide purchaser from the infant's grantee.

3. SAME.

When an infant conveys lands the title to which is in him, in the eye of the law there is no conveyance—not void it is true, but voidable; and it is not necessary for the infant to go into chancery to disaffirm his conveyance, but he has the right to bring an action of ejectment for the recovery of the land upon the idea that he never made any legal conveyance of the property.

4. EQUITY MAXIMS.   *Equal equities.   Bona fide purchasers.*

Where a defendant acquired the legal estate at the time and as a part of his original purchase, the fact of his purchase having been *bona fide,* for value and without notice, is a perfect defense in equity to any suit brought by the holder of a prior equitable estate, lien, incumbrance or other interest seeking either to establish and enforce his equitable estate, lien or interest, or to obtain any other relief with respect thereto which can be given by a court of equity.

101 Miss.—23

APPEAL from the chancery court of Lawrence county. HON. R. E. SHEEHY, Chancellor.

Suit by Mrs. Rosa C. Boutwell against J. P. Conn et al.

From a decree for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Jones & Tyler* and *G. Wood Magee,* for appellant.

*E. L. Dent, Hirsh, Dent* and *Landau,* for appellee.

No brief of counsel on either side found in the record.

Argued orally by *P. Z. Jones,* for appellant, and *R. L. Dent,* for appellee.

McLEAN, J., delivered the opinion of the court.

The appellee brought suit in the chancery court against appellants to recover a tract of land, upon the ground that during her infancy the complainant executed a deed of conveyance to Conn, and after having attained majority desired to disaffirm the conveyance. The evidence discloses that the complainant was a minor and a married woman, and that the land conveyed by her to Conn was acquired by her through a series of transactions and embracing an exchange of lands. Sixty-five acres of land, as acquired by complainant, came from her father. The sixty-five acre tract complainant exchanged with her brother-in-law, W. L. Lawrence, for another tract consisting of seventy-seven acres; and her husband agreed to pay, and did pay, as the difference in the value of the two tracts, three hundred dollars to W. L. Lawrence. After this, another exchange of land was made, whereby Mrs. Boutwell and her husband exchanged this seventy-seven acre tract with another one of her brothers-in-law, O. J. Gullege, for one hundred and twenty acres of land. This one hundred and twenty acre tract was valued at one thousand dollars, and the conveyance from O. J.

Gullege for the land in controversy was made to Mrs. Boutwell and to her husband. The conveyance from Gullege and wife to complainant bore date October 1, 1906, and was made to "Pink Boutwell and wife." The deed from complainant and her husband to Conn was executed on the 5th day of December, 1906, and was signed by both W. P. Boutwell and his wife, Mrs. Rosa C. Boutwell. On the 10th day of November, 1908, J. P. Conn, in consideration of the sum of one thousand dollars cash, conveyed to Thomas J. Collins eighty acres of the land which Conn purchased from Boutwell and wife. The several parties, at the date of their respective purchases, took possession of the land, and Conn and Collins have made valuable improvements upon the property. All of these conveyances were properly acknowledged and recorded in the chancery clerk's office of the county in which the lands were situated. The chancellor decreed that the complainant, Mrs. Boutwell, was the legal and equitable owner of the whole one hundred and twenty acre tract, and canceled and set aside the conveyance made by complainant and her husband to Conn, conveying to him this one hundred and twenty acre tract, and also canceled and set aside the deed from Conn to Collins, conveying to him eighty acres of the one hundred and twenty acre tract.

The complainant's contention is that, while the deed from Gullege and wife was made to her and her husband, yet she was the real owner of the property; that her husband had no interest whatever in the property, as the property was acquired by exchanging her seventy-seven acre tract for this one hundred and twenty acre tract. It is contended on the part of the defendants, appellants here, that Mrs. Boutwell, by her conduct and representations, is estopped from setting up her minority. Upon this proposition the case is a very close one, and we do not think it necessary to express an opin-

ion upon the question, except in so far as to say that we do not think the evidence would justify us in setting aside the findings of fact by the chancellor upon this proposition. We emphasize the fact that the complainant did not have the legal title to the whole one hundred and twenty acre tract; but she only acquired the legal title to an undivided one-half interest in this property by reason of the conveyance from Gullege to complainant and her husband. Section 2770 of the Code of 1906, which has been the law in this state since the adoption of the Code of 1880, is as follows: "All conveyances or devises of land made to two or more persons, or to a husband and wife, shall be construed to create estates in common, and not in joint tenancy or entirety, unless it manifestly appears, from the tenor of the instrument that it was intended to create an estate in joint tenancy or entirety with the right of survivorship; but this provision shall not apply to mortgages or devises, or conveyances made in trust." Prior to 1880 the statutory law in force in this state was the same as the above-quoted statute, except there was omitted from the statute the expression "or to a husband and wife;" in other words, prior to 1880 the statute read as follows: "All conveyances or devises of lands made to two or more persons, shall be construed to create estates in common," etc. Rev. Code 1857, ch. 36, art. 18. The question is presented, for the first time in this court, whether under this statute a conveyance to a husband and wife created an estate in common, or in joint tenancy, or in entirety.

In *Hemingway* v. *Scales*, 42 Miss. 1, 97 Am. Dec. 425, 2 Am. Rep. 586, this court, in construing this statute, says that its evident purpose was to abolish the *jus accrescendi,* the right of survivorship, the distinguishing feature of joint tenancy, so that the estate of a joint tenant, upon his death, might descend to his heirs as

in case of tenancy in common. It merely converted a joint tenancy into tenancy in common. It made no change in the law in regard to the estate of husband and wife, which, as was pointed out, is a very different estate from that of joint tenancy; and consequently the court held that the statute did not apply to conveyances to husband and wife, which in legal construction, by reason of the unity of husband and wife, are not strictly joint tenancies, but conveyances to one person, the court saying that husband and wife are seised of the entirety, and the survivor takes the whole, and during their joint lives neither of them can alien so as to bind the other. This principle was reaffirmed in *McDuff* v. *Beauchamp,* 50 Miss. 531, wherein it is held that under the statute of 1857 a conveyance to a husband and wife jointly created an estate of entirety. It does not make them joint tenants or tenants in common. Both are seised of the entirety, and have none of the incidents of co-tenancy. This decision was rendered in 1874, and when the disabilities of coverture were removed by the legislature in 1880, in order to change the effect of conveyances when made to husband and wife, as announced by this court in the authorities hereinbefore cited, there was inserted in the statute (Rev. Code, 1880, section 1197) for the first time the clause "or to a husband and wife;" the manifest object and purpose of this amendment being to place husband and wife upon the same footing relative to conveyances or devises of lands as other persons.

It therefore follows that the deed by Gullege and wife to Boutwell and his wife created an estate in common. They became tenants in common as to the one hundred and twenty acres of land, each owning an undivided one-half interest therein. The evidence shows that, while Mrs. Boutwell only had the legal title to an undivided one-half interest, yet as a matter of fact she claimed

she was the equitable owner of the remaining interest in the land; and the question therefore arises: What, if any, rights have these defendants? After a protracted examination of this record, we are driven to the conclusion that Conn and Collins are *bona fide* purchasers for value without notice of the rights of Mrs. Boutwell, except that which is shown by the deed records; and we have seen that that right is the legal title to an undivided one-half interest in the whole and an equity in the other remaining one-half interest.

This court, in *Brantley* v. *Wolf,* 60 Miss. 420, lays down the true rule to be that "the right of an infant to void his contract is an absolute and paramount right, superior to all equities of other persons, and may therefore be exercised against a *bona fide* purchaser from the infant's grantee." This is the undoubted rule, as borne out by all of the authorities, and the principle upon which it is based is that the *bona fides* of the purchaser cannot supply the infant's want of capacity. When an infant conveys lands, the title to which is in him, in the eye of the law there is no conveyance—not void, it is true, but voidable; and consequently it is not at all necessary for the infant to go into the chancery court to disaffirm his conveyance, but he has a right to bring an action of ejectment for the recovery of the land, and he is permitted to recover upon the idea that he never made any legal conveyance of the property. The record here presents a very different question as to the interest in the one hundred and twenty acres of land which was conveyed to the husband and the infant. As we have seen, the husband acquired the legal title to an undivided one-half interest. The purchasers, Conn and Collins, acquired the legal title to this interest, and their equities are equal to the equities of Mrs. Boutwell as to her undivided one-half interest in the property. In *Clark* v. *Rainey,* 72 Miss. 151, 16 South. 499, the claim

of a *bona fide* purchaser for value prevailed over the undisclosed equity of a minor.

Neither counsel has referred us to any authority exactly in point, but we find no difficulty upon principle in reaching a solution of this question. In Pomeroy's Equity Jurisprudence (3d Ed.), section 767, wherein is discussed the rights of a *bona fide* purchaser, it is said: "In the first place, it is the very central portion of the doctrine, to which all others have been additions, that where the defendant acquired the legal estate at the time and as a part of his original purchase, the fact of his purchase having been *bona fide,* for value, and without notice, is a perfect defense in equity to any suit brought by the holder of a prior equitable estate, lien, incumbrance, or other interest, seeking either to establish and enforce his equitable estate, lien, or interest, or to obtain any other relief with respect thereto which can be given by a court of equity." The authorities cited by this eminent author fully sustain him in this statement of the law. Numerous instances are cited by this author where a *bona fide* purchaser is protected, first, as against a resulting or constructive trust; second, as against prior liens, against an express trust, against community property interest of the wife or her heirs in favor of the purchaser from the husband, in whose name the legal title stood, and numerous other instances. The distinction between the instant case and one where the legal title was in the infant, who conveyed to a *bona fide* purchaser, is clearly drawn in the following authorities: *Hill* v. *Moore,* 62 Tex. 610; *Edwards* v. *Brown,* 68 Tex. 329, 4 S. W. 380, 5 S. W. 87; *Patty* v. *Middleton,* 82 Tex. 586, 17 S. W. 909, where the legal title was in the husband; and, *Daniel* v. *Mason,* 90 Tex. 240, 38 S. W. 161, 59 Am. St. Rep. 815, where the legal title was in the wife, and she conveyed to the *bona fide* purchaser. In the latter case it was held that

the deed was void by reason of the coverture of the wife, and hence the *bona fide* purchaser was not protected; whereas, in the former case, the title being in the husband, and the equities of the purchaser being equal to the equities of the wife, the purchaser acquired a good title.

In *Goodwynne* v. *Bellerby*, 116 Ga. 901, 43 S. E. 275, the court held that a *bona fide* purchaser for value without notice should prevail over the equity of an infant in lands where the legal title to the land was in the father of the infant. We fail to see any distinction in principle between that case and the instant case. Pomeroy's Equity Jurisprudence, vol. 2, section 739, says that the doctrine of *bona fide* purchase is not a rule of property or of title; but the court of equity wholly ignores the question of validity, declines to examine into the intrinsic merits of the two claims, bases its action upon entirely different considerations, and says as follows: "If a plaintiff, holding some equitable interest of right, sues to enforce it against a defendant who has in good faith obtained the legal estate, the court simply refuses to interfere and do an unconscientious act, by depriving him of the advantage accompanying such an innocent acquisition of the legal title. On the other hand, if the plaintiff is the legal owner, and sues to obtain some equitable relief against a defendant who is the innocent holder of some equitable estate or interest, the court in like manner simply refuses to do an unconscientious act by giving any aid.to the plaintiff, but, without at all deciding or even examining the intrinsic merits of their claims, leaves him to whatever rights would be recognized and whatever reliefs granted by a court of law." In *Seldner* v. *McCreery*, 75 Md. 296, 23 Atl. 641, affirmed in *Economy Savings Bank* v. *Gordon*, 90 Md. 486, 45 Atl. 176, 48 L. R. A. 67, it is said that "where a title is perfect on its face, and no known

circumstances exist to impeach it or put a purchaser on inquiry, one who buys *bona fide* and for value occupies one of the most highly favored positions in the law." In *Townsend* v. *Little,* 109 U. S. 504, 3 Sup. Ct. 357, 27 L. Ed. 1012, it is said that "nothing is clearer than that a purchaser for a valuable consideration, without notice of a prior equitable right, obtaining the legal estate at the time of his purchase, is entitled to priority in equity, as well as at law, according to the well-known maxim that when equities are equal the law should prevail," referring to quite a number of authorities.

Indeed, one of the maxims of equity is, "Where there is equal equity, the law must prevail;" and Pomeroy's Equity Jurisprudence, section 417, says: "The meaning of the maxim is, if two persons have equal equitable claims upon, or interest in, the same subject-matter, or, in other words, if each is equally entitled to the protection and aid of a court of equity with respect to his equitable interest, and one of them, in addition to his equity, also obtains the legal estate in the subject-matter, then he who thus has the legal estate will prevail. This precedence of the legal estate might be worked out by a court of equity refusing to interfere at all, and thereby leaving the parties to conduct their controversy in a court of law, where, of course, the legal estate alone would be recognized. One of the most frequent and important consequences and applications of this principle is the doctrine that when a purchaser of property for a valuable consideration, and without notice of a prior equitable right to, or interest in, the same subject-matter, obtains the legal estate in addition to his equity claim, he becomes, in general, entitled to a priority both in equity and at law."

If the complainant should institute an action of ejectment for the recovery of this property, she could only recover an undivided one-half interest in the property,

simply because she never at any time had the legal title to the remaining undivided moiety. Our conclusion therefore is that, since Conn and Collins bought this property in good faith for value and without notice of Mrs. Boutwell's equity in the property, she cannot recover except her undivided one-half interest, which was conveyed to her in the deed from Gullege and wife.

In view of the fact that the cause must be reversed, we do not consider it proper to pass upon the question of improvements, as the defendants will doubtless amend their pleadings so as to file a cross-bill, praying that they have a lien upon the land for the value of the improvements. But we express no opinion at all upon the question.          *Reversed.*