Edwards & Angell for Defendant.

----

Daniel A. Murphy, Admr., et al. vs. Thomas Richards et al. } Eq.No.4961

October 2, 1926

BAKER, J. Final hearing.

The testimony is not very voluminous and the determination of the case would seem to depend largely upon questions of law.

While it would tend to appear from the evidence that perhaps certain of the complainants are not actively interested in the case, nevertheless it is clear that certain of them do desire the relief they are asking for in the bill.

The issues raised relate to the proper disposition of a certain parcel of land, with improvements thereon, now situated in the city of Providence. The parties in interest are heirs at law of persons formerly having an interest in this real estate or are claiming through such heirs at law by way of assignment or otherwise. In other words, it is clear from the testimony that all the parties in interest derive

their claims against the real estate substantially from the same source. The respondent Thomas Richards is the husband of Elizabeth Richards, one of the heirs at law, having an interest in the property in question.

The testimony shows that these heirs at law are tenants in common of the real estate involved in this proceeding.

It further appears that in May, 1919, Thomas Richards took a transfer of a certain mortgage for $100 upon the real estate in question and thereafter proceeded to foreclose said mortgage, and, in June, 1919, purchased the property in question at foreclosure sale under the aforesaid mortgage for the sum of $150. The testimony would tend to show that the value of the property was something over $1000.

The respondents contend that by this foreclosure sale Mr. Richards obtained the full and complete title in fee to the premises in question. The complainants, on the other hand, urge that this foreclosure sale was void, or, if said sale should be held valid, that the said Thomas Richards should be considered as constructive trustee of the property for the complainants.

The evidence shows that the Richards lived on the property for a considerable time prior to the foreclosure sale, Mrs. Richards being one of the co-owners of the property, and that undoubtedly they spent money in keeping the property in repair, paying taxes, water bills, at least a portion of the interest on the mortgage, and other expenditures of a like nature. No rent was paid by them to anyone. The respondents contend that Mr. Richards was entitled to purchase this property at foreclosure sale in order to protect his own and his wife's interest therein. The complainants dispute this.

The evidence would tend to show on the whole that the interest on the mortgage in question was not payable in advance. It also would appear that several of the other co-tenants apparently did not take much interest in the property. At the same time it is also clear that Mr. and Mrs. Richards made no attempt of any kind to communicate with the other co-tenants in regard to the foreclosure proceeding, although they certainly knew the whereabouts of several of them. Further, the various transfers of the mortgage in question were not placed upon the records of land evidence until shortly before the foreclosure sale.

It is also undisputed from the testimony that there is an unpaid claim against the estate of Frank Murphy, who formerly was one of the co-tenants of this property, and that the expenses of administering his estate are unpaid, and that apparently the satisfaction of these bills must come from his interest in this real estate if they are able to be taken care of.

It seems well settled that co-tenants stand in such confidential relation one to the other in respect to common property that one co-tenant is not allowed by law to purchase at any sale the outstanding interests of other co-tenants for his own exclusive benefit. In such a case it is held that one so purchasing takes the property in trust for the benefit of all in proportion to their respective interests. Following this general ruling, the great weight of authority also seems to hold that the husband or wife of a co-tenant can not so purchase the property held in common as to acquire the exclusive interest therein. The close relation between husband and wife and public policy in general seem to be the common basis for such a ruling. The following authorities are referred to:

R. C. L. Vol. 7, pages 857 to 860.

38 Cyc., pages 45 to 47.

Freeman on Co-tenants, 2nd ed., page 238, Sec. 160.

Carpenter vs. Carpenter, 131 N. Y. 101.

Clark vs. Lindsey, 47 Ohio St. 437.

Roll vs. Everitt, 73 N. J. Eq. 697.

Beaman vs. Beaman, 90 Miss. 762.

Perkins vs. Smith, 37 S. W. (Ky.) 72.

Lee vs. Fox. 6 Dana (Ky.) 176.

In the case of Chace vs. Durfee, 16 R. I. 248, there is dicta which apparently follows this general line of authorities.

While it is true that several of the cases above cited relate to the purchasing at tax sales, the court can see no distinction in reason between the purchase of such interests at a tax sale and the purchase at a foreclosure sale under a mortgage.

Further, it should be noted that in this case Mr. Richards, the husband of the co-tenant, Elizabeth Richards, procured the transfer of this mortgage and then he himself instituted the foreclosure proceedings.

After giving careful consideration to the law and the evidence involved in this case, the court finds that the complainants are entitled to a portion of the relief they pray for. It is clear from the testimony that, considering the large number of persons having an interest in this property and the size and value of the property, no disposition can be made by metes and bounds and that a partition of the same by sale is necessary. The court finds, therefore, that while it will not declare null and void said foreclosure sale or order cancelled the deed given thereunder, the respondent, Thomas Richards, may be declared to hold the premises in question as trustee for all the parties in interest, and that the matter may be referred to a commissioner for partition of said premises by sale thereof, and that an accounting may be had in order to determine the respective interests of the various parties, in which accounting the expenditures made by the respondents, Mr. and Mrs. Richards, can be duly taken into consideration, and that the complainants are entitled to the permanent injunction prayed for.

For Complainants: Rosenfeld & Hagan and John F. Harlow.

For Respondents: Thomas Curran.