JACKSON *et al. v.* BANKS.[*]

(Division A. Nov. 1, 1926.)

[109 Sō. 905. No. 25806.]

1. APPEAL AND ERROR.

Chancellor's decree, based on conflicting evidence, will be affirmed.

2. INSANE PERSONS.
     Decree, adjudging deed of trust executed by insane grantors a
       valid, enforceable lien, *held* erroneous.

*Corpus Juris-Cyc References: Appeal and Error, 4CJ, p. 900, n. 98.
Insane Persons, 32CJ, p. 742, n. 30, 31; p. 748, n. 68; p. 749, n. 78.

APPEAL from chancery court of Pike county.

HON. R. W. CUTRER, Chancellor.

Suit by Jane Banks, by her next friend, against John Jackson and Salena Jackson, his wife, and J. A. Wiltshire. Decree for plaintiff against defendants Jackson, and in favor of defendant Wiltshire. Defendants Jackson appeal, and plaintiff cross-appeals. Affirmed on direct appeal, and reversed and decree rendered on cross-appeal.

*James A. Wilshire,* for appellants.

I. The court was manifestly wrong in holding that Henry Brumfield could give his opinion as to the capacity of the Banks to execute the deed without requiring him to detail some fact or circumstance on which to base the opinion. 7 Ency. Evidence, p. 468, and Mississippi cases there cited.

II. Charles E. Brumfield should not have been permitted to impugn the verity of his record of deeds. He was not a competent witness in this connection and should not have been allowed to testify in this case at all, for the same reason that a sheriff cannot nullify his returns, a board its action, a jury its verdict. This evidence while competent from others, cannot be given by its custodian. 10 Stand. Ency. Evidence, p. 979. To the same effect, see: *Van Campen* v. *Snyder,* 3 How. 66; *Planters Bank* v. *Walker,* 3 S. & M. 409; *Storm* v. *Montgomery,* 35 Miss. 83; *Allen* v. *Lenoir,* 53 Miss. 321.

III. Mrs. Phelps should not have been allowed to testify as to her opinion because there was no basis for it given by her. 7 Stand. Ency. Evidence, p. 468.

IV. The court committed reversible error in rendering its decree in this case. We attack it because there

is *no competent evidence* on which to base the decree and no dispute in the evidence on the salient facts. *Locke* v. *Keiler,* 90 Miss. 5, 43 So. 673. The true rule in this kind of case is laid down in *Gillis* v. *Smith,* 114 Miss. 665, 86 So. 625.

The test of whether or not a party possessed sufficient mental ability to execute an instrument relates to the time of its execution, and temporary or intermittent insanity or mental incapacity does not raise a presumption that it continued to the signing. Scally v. Wardlaw, 123 Miss. 857.

The cause should be reversed and judgment entered here dismissing appellee's bill.

*J. B. Sternberger,* for appellee.

The decree in this case should be affirmed on direct appeal, because the proof clearly shows that Anderson Banks and his wife, Jane Banks, were *non compos mentis* when they executed to the Jacksons the deed in controversy. Once shown to exist, lunacy is presumed to continue. *Ricketts* v. *Joliff,* 62 Miss. 440. That it did continue down to the very time of executing the deed is affirmatively shown by the evidence of the two Brumfields.

By decreeing cancellation of the deed, the chancellor must have been convinced of the truth of the allegations of the bill as to insanity, if not fraud and undue influence. It is needless to cite numerous decisions of this court that the chancellor's decree, unless manifestly wrong on facts, will be affirmed.

Lunacy being shown, what rights, if any, did the Jacksons, appellees, acquire under the deed in question? The court will observe that the bill asks for a personal decree for the value of the personal property of the Banks' of which the Jacksons took possession. No such decree, however, was made, the chancellor evidently considering that what necessaries the Jacksons furnished, about which there is considerable dispute, offset the personal property they got and the rent. Moreover, restitution

by complainant, under the facts in this case, was not a condition precedent to a rescission of the deed. *Ricketts* v. *Joliff,* 62 Miss. 440.

I ask for an affirmance of the decree on direct appeal.

*J. B. Sternberger,* for cross-appellant.

The chancellor because of the insanity of Anderson Banks and his wife, Jane Banks, very properly set aside the deed in suit when it was made; but very illogically held the deed of trust which the Jacksons gave Wiltshire a valid lien on the land conveyed, Wiltshire having hypothecated the trust deed with the Magnolia Bank. Now, if the Jacksons acquired no title to the land, how could they give a valid mortgage on it? And if Wiltshire acquired no lien, how could he impart one to the bank? And this is true even if the bank be regarded in the light of an innocent purchaser for value—and that was not shown by the evidence—for it holds other collateral of Wiltshire's besides his personal property. The stream here can rise no higher than its source. The bank's *bona fides* cannot prevail over the insanity of the Banks. *Bates* v. *Hyman,* 28 So. 567, not officially reported.

Whatever the rule may be in other jurisdictions, this court held in *Conn* v. *Boutwell,* 101 Miss. 353, that the right of an infant to void his contract is an absolute and paramount one, superior to the equities of other persons, and that it could be exercised against a *bona-fide* purchaser from the infant's grantee. This was held after an exhaustive review of the authorities, *pro* and *con.* Now, in reason, why should the rights of the bank here, even considering it as a *bona-fide* purchaser, prevail over the rights of a lunatic? In other words, will infancy be held to be a better shield than lunacy? That the analogy holds good was declared by the New York Court of Appeals in *Smith* v. *Ryan,* 19 L. R. A. (N. S.) 467. I submit, therefore, that the decree of the lower court should be reversed on cross-appeal, and a decree cancelling the deed of trust rendered here.

*James A. Wiltshire,* for cross-appellees.

The holding by the chancellor that the deed of trust is valid will not be disturbed on appeal unless manifestly wrong. The decree does not give the reasoning of the chancellor, but he was evidently trying to protect the Banks' for the necessaries furnished during these two years and while we think the chancellor in holding the deed from the Banks' to Jacksons to be void was erroneous, still if the chancellor was going to hold it void, he was eminently correct in protecting the Banks for necessaries and innocent third parties. *Ricketts* v. *Joliff,* 62 Miss. 440.

There is no merit to the assignment of error on cross-appeal.

COOK, J., delivered the opinion of the court.

The appellee, suing by next friend, filed a bill in the chancery court of Pike county, seeking to set aside and cancel a certain deed executed by her and her deceased husband, Anderson Banks, conveying to the appellants John Jackson and his wife Salena Jackson, certain lands. The bill sought a cancellation of this deed, on the ground of the insanity of the grantors at the time of its execution, and J. A. Wiltshire, who had a deed of trust on the land, was joined as a codefendant. At the conclusion of the testimony, the chancellor entered a decree canceling the said deed, but adjudging that the deed of trust to J. A. Wiltshire was a valid and binding lien on the land involved.

This decree of the chancellor was based upon conflicting evidence and we are unable to say that it is manifestly wrong; on the contrary, it is in accord with the overwhelming weight of the evidence, and is manifestly right, and conceding that the testimony of Fannie Washington, which was admitted over the objection of appellants, was inadmissible, we do not think its exclusion could have led to a different conclusion upon the facts. Consequently the decree of the court below canceling the deed in question must be affirmed.

The appellee has prosecuted a cross-appeal from the decree adjudging that the deed of trust executed by the Jacksons in favor of the defendant J. A. Wiltshire is a valid and enforceable lien on the land in question, and upon this point we think the chancellor erred.

Infancy and lunacy are disabilities similar in their effect on the contracts of the parties, and we see no good reason why a different rule should be applied to the contracts of a person *non compos mentis* from that applied in the case of infants. In the case of *Conn* v. *Boutwell,* 101 Miss. 353, 58 So. 105, after an extensive consideration of the authorities, this court approved as the true rule the announcement in *Brantley* v. *Wolf,* 60 Miss. 420, that—"The right of an infant to void his contract is an absolute and paramount right, superior to all equities of other persons, and may therefore be exercised against a *bona-fide* purchaser from the infant's grantee."

In discussing this question, the court there also said that—"When an infant conveys lands, the title to which is in him, in the eye of the law there is no conveyance—not void, it is true, but voidable; and consequently it is not at all necessary for the infant to go into the chancery court to disaffirm his conveyance, but he has a right to bring an action of ejectment for the recovery of the land, and he is permitted to recover upon the idea that he never made any legal conveyance of the property."

Applying this rule to the facts in the case at bar, we think it necessarily leads to the conclusion that the deed of trust executed by the appellants to the defendant J. A. Wiltshire is not enforceable against the land in question, and therefore the decree of the court below will be reversed in so far as it adjudged the lien of this deed of trust to be valid and enforceable, and a decree will be entered here canceling the lien of this deed of trust.

*Affirmed in part and reversed in part.*