417 So.2d 912 (1982)
Carol S. AYERS and Richard J. Ayers
v.
J. Michael PETRO.
No. 53181.
Supreme Court of Mississippi.
July 21, 1982.
*913 George M. Quin, Gulfport, for appellants.
Herbert W. Wilson, Gulfport, for appellee.
Before SUGG, P.J., and ROY NOBLE LEE and DAN M. LEE, JJ.
SUGG, Presiding Justice, for the Court:
The principal question in this case is whether a deed to a husband and wife conveying the property to them, "as joint tenants, not as tenants in common, but with the right of survivorship in each upon the death of either," created a joint tenancy or a tenancy by entirety.
This appeal is from a decision of the Chancery Court of the First Judicial District of Harrison County, Honorable Jason Floyd, Jr. presiding, granting appellee's petition to sell real property for a division of proceeds. We affirm.
The facts are not in dispute. Steven K. Streetman and wife, Carol S. Streetman purchased the property from Hubert J. Pickle and wife, Faye Pickle on September 25, 1978. The deed conveyed the property to the Streetmans "As joint tenants, not as tenants in common, but with the right of survivorship in each upon the death of either... ." On the same date the Streetmans executed a deed of trust to the Pickles for the balance of the purchase price of the property in the amount of $4,500. Subsequently the Streetmans were divorced and Carol Streetman married Richard J. Ayers before June, 1980.
On June 30, 1980, the property was sold by the trustee at a foreclosure sale to Richard J. Ayers and wife, Carol S. Ayers for $4,417.52, "As joint tenants, not as tenants in common, but with the rights of survivorship in each... ." On September 5, 1980, Steven K. Streetman conveyed the property to appellee, J. Michael Petro, by a quitclaim deed. The quitclaim deed purported to convey the entire title to Petro, but of course, operated only as a conveyance of Streetman's undivided one-half interest. Petro claims only Streetman's interest in the property.
Appellants argue that the deed from Pickle to the Streetmans, (1) created an estate by entirety in the Streetmans who were then husband and wife, (2) Streetman could not destroy the tenancy by the entireties by conveying his interest to Petro, and (3) the purchase of the property by appellants at a trustee's sale did not inure to the benefit of Streetman.

I
At the outset it is necessary to note the similarity and the difference between estates *914 in joint tenancy and estates by entirety. This is clearly stated in 41 C.J.S., Husband and Wife, section 33(b) as follows:
An estate by entirety is sometimes regarded as a species of, or modified form of, joint tenancy, the modification being rendered necessary by the common-law theory that husband and wife are but one person. The unities of time, title, interest, and possession are common to both estates but in an estate by entirety there is an additional unity, namely, that of person. Strictly speaking, a tenancy by entirety is not a joint tenancy but is a sole tenancy, and, while the two estates resemble each other and possess some qualities in common, yet they differ both in form and substance and are distinguishable, and it has been said that the disfavor with which the courts look on joint tenancies does not extend to estates by entirety. The seizin of the tenants distinguishes the two estates, and a marked, and perhaps the principal, distinction lies in the possibility of severance and destruction.
An estate by entirety may exist only in a husband and wife and may not be terminated by the unilateral action of one of them because they take by the entireties and not by moieties. While the marriage exists, neither husband nor wife can sever this title so as to defeat or prejudice the right of survivorship in the other, and a conveyance executed by only one of them does not pass title. Cuevas v. Cuevas, 191 So.2d 843 (Miss. 1966); McDuff v. Beauchamp, 50 Miss. 531 (1874); Hemingway v. Scales, 42 Miss. 1 (1868)[1].
Conversely a joint tenancy may be destroyed by one of the joint tenants conveying his undivided interest. This was expressed in Richardson v. Miller, 48 Miss. 311 (1873) in the following language:
Joint tenancy is created by the same instrument, a will or a deed, and must have a unity of title and interest, as to nature, duration and quantity. Each tenant is seized of the whole and of every part; each may exercise all reasonable acts of ownership. Litt. 288; Co. Litt. 186; 4 Kent Com. 394
The estate is destroyed by breaking up any of its constituent unities. If there be three tenants, and one convey his undivided interest to F., he becomes tenant in common with the other two, who as to each other remain joint tenants. Litt. 292, 294. The distinguishing feature of this estate was the right of survivorship, which could not be defeated by a devise by one tenant of his interest, unless the devisor survived, and then only by a republication of the will after survivorship had accrued. Co. Litt. 186 b. (48 Miss. at 333, 334)
Accord, Hemingway v. Scales, supra.
Where a husband and wife own property as tenants by entirety, the property is held by them as joint tenants following a divorce. In Shepherd v. Shepherd,[2] 336 So.2d 497 (Miss. 1976) we held that an estate by entirety would not become an estate in common following a divorce of the parties but the parties would hold the property as joint tenants with the right of survivorship.

*915 In the case before us the conveyance was to husband and wife as an estate in entirety with the right of survivorship. An estate in entirety is a joint tenancy with the right of survivorship plus the marital relation. If it can be said that after the dissolution of the marriage the parties could no longer be tenants by the entirety, they certainly remained joint tenants with the right of survivorship. The dissolution of the marital relation under the statute as now written did not destroy the joint tenancy with the right of survivorship. The parties continued to own the property as joint tenants with the right of survivorship until the death of Fannie Shepherd. (336 So.2d at 499)

II
The Streetmans' deed to the property recited that it was conveyed to them, "as joint tenants, not as tenants in common, but with the rights of survivorship in each upon death of either." Despite the unambiguous language creating a joint tenancy, appellants argue that the deed created an estate by entirety. Appellants' argument is based on the common law rule that the same deed, which would create an estate in joint tenancy in other persons, make a husband and wife tenants of the entirety. Wolfe v. Wolfe, 207 Miss. 480, 42 So.2d 438 (1949); McDuff v. Beauchamp, 50 Miss. 531, (1874); Hemingway v. Scales, 42 Miss. 1 (1868); Sale v. Saunders, 24 Miss. 24 (1852).
The common law rule stated in Wolfe, McDuff, Hemingway, and Sale was changed in 1880 by the amendment to Art. 18, Code 1857 and by the removal of disabilities of coverture of married women.
The effect of the statutes was discussed in Conn v. Boutwell, 101 Miss. 353, 58 So. 105 (1911) where this Court held that a conveyance to a husband and wife created an estate in common rather than an estate by entirety. In Conn the Court stated:
Section 2770[3] of the Code of 1906, which has been the law in this state since the adoption of the Code of 1880, is as follows: "All conveyances or devises of land made to two or more persons, or to a husband and wife, shall be construed to create estates in common, and not in joint tenancy or entirety, unless it manifestly appears, from the tenor of the instrument that it was intended to create an estate in joint tenancy or entirety with the right of survivorship; but this provision shall not apply to mortgages or devises, or conveyances made in trust." Prior to 1880 the statutory law in force in this state was the same as the above-quoted statute, except there was omitted from the statute the expression "or to a husband and wife;" in other words, prior to 1880 the statute read as follows: "All conveyances or devises of lands made to two or more persons, shall be construed to create estates in common," etc. Rev.Code 1857, ch. 36, art. 18. The question is presented, for the first time in this court, whether under this statute a conveyance to a husband and wife created an estate in common, or in joint tenancy, or in entirety.
In Hemingway v. Scales, 42 Miss. 1, 97 Am.Dec. 425, 2 Am.Rep. 586, this court, in construing this statute, says that its evident purpose was to abolish the jus accrescendi, the right of survivorship, the distinguishing feature of joint tenancy, so that the estate of a joint tenant, upon his death, might descend to his heirs as in case of tenancy in common. It merely converted a joint tenancy into tenancy in common. It made no change in the law in regard to the estate of husband and wife, which, as was pointed out, is a very different estate from that of joint tenancy; and consequently the court held that the statute did not apply to conveyances to husband and wife, which in legal construction, by reason of the unity of husband and wife, are not strictly joint tenancies, but conveyances to one person, the court saying that husband and wife are seised of the entirety, and the survivor takes the whole, and during their joint lives neither of them can alien so as to bind the other. This principle was reaffirmed in McDuff v. Beauchamp, 50 Miss. *916 531, wherein it is held that under the statute of 1857 a conveyance to a husband and wife jointly created an estate of entirety. It does not make them joint tenants or tenants in common. Both are seised of the entirety, and have none of the incidents of cotenancy. This decision was rendered in 1874, and when the disabilities of coverture were removed by the legislature in 1880, in order to change the effect of conveyances when made to husband and wife, as announced by this court in the authorities hereinbefore cited, there was inserted in the statute (Rev. Code, 1880, section 1197) for the first time the clause "or to a husband and wife;" the manifest object and purpose of this amendment being to place husband and wife upon the same footing relative to conveyances or devises of lands as other persons. (101 Miss. at 356, 357, 58 So. at 106)
Conn holds that, after the legislature removed the disabilities of coverture in 1880, and amended Article 18 of the Revised Code of 1857 by including the clause "or to a husband and wife," a husband and wife are in the same position as other persons relative to conveyances or devises of lands. We therefore hold that section 89-1-7 Mississippi Code Annotated (1972), the current version of section 1197 Revised Code of 1880, authorizes a husband and wife to hold land either as tenants in common, as joint tenants, or as tenants by entirety. The deed to the Streetmans specifically created a joint tenancy.

III
Appellants also contend that the trial court erred in holding that the purchase of the property at the foreclosure sale by them inured to the benefit of Streetman, a cotenant of the appellant, Mrs. Ayers. This question was answered contrary to appellant's contention in Beaman v. Beaman, 90 Miss. 762, 44 So. 987 (1907) in the following language:
Without especial consideration in detail of the various grounds of demurrer so ably argued, it is plain that appellant's case is without life if Mrs. Loanna Beaman, wife of Charles Beaman, could not buy, either for cash or on credit, at the sale by the trustee in the trust deed of Alexander Beaman, the ancestor. Charles Beaman was a cotenant, and, with his wife, was in actual possession of the land when his father died and when the trustee sold and she bought. If he had bought, the purchase, subject to what he paid in satisfaction of his father's debt, would plainly have inured to the benefit of all the cotenants, and himself as one of them. Smith v. McWhorter, 74 Miss. 400, 20 South. 870; Walker v. Williams, 84 Miss. 392, 36 South. 450; Wyatt v. Wyatt, 81 Miss. 219, 32 South. 317. The inability of a cotenant to buy for himself or herself is based on grounds of public policy. On the same grounds of public policy, the husband or wife cannot so purchase. Robinson v. Lewis, 68 Miss. 69, 8 South. 258, 10 L.R.A. 101, 24 Am.St. Rep. 254; Clark v. Rainey, 72 Miss. 151, 16 South. 499; Hamblet v. Harrison, 80 Miss. 118, 31 South. 580. (90 Miss. at 765, 766, 44 So. at 987)
We therefore hold that the purchase of the property by appellants at the foreclosure sale inured to the benefit of Streetman.

IV
After appellant purchased the property at the foreclosure sale, Streetman conveyed the property to J. Michael Petro by quitclaim deed. Under the rule announced in Richardson v. Miller, supra, and Hemingway v. Scales, supra, Streetman, as a joint tenant, could convey his undivided interest and thus destroy the joint tenancy that formerly existed between him and his ex-wife.
The trial court required Petro, within 15 days, to pay into the registry of the court $2,208.76, which represented one-half of the amount paid by appellants when they purchased the property at the foreclosure sale. We therefore affirm and remand to the trial court for the entry of an order directing the sale of the property and a division *917 of the proceeds. After payment of the expenses of sale the proceeds shall be divided; one-half to appellants and one-half to appellee.
AFFIRMED AND REMANDED.
PATTERSON, C.J., WALKER, P.J., and BROOM, ROY NOBLE LEE, BOWLING, HAWKINS and DAN M. LEE, JJ., concur.
HAWKINS, J., specially concurs.
PRATHER, J., took no part.
HAWKINS, Justice, specially concurring:
I concur in the result reached in this case, on the issue raised on appeal.
I am troubled by our holding in Shepherd v. Shepherd, 336 So.2d 497 (Miss. 1976); in my view, we should have adopted the holding of the majority of the jurisdictions that husbands and wives who own property as tenants in the entirety or as joint tenants with the right of survivorship, by virtue of a decree of divorce, thereafter own the same property as tenants in common. I certainly believe the chancery court should have the power in a divorce action, where one of the parties prays specifically for such relief, to decree along with the divorce that property theretofore owned by the parties as tenants in the entirety or as joint tenants with right of survivorship should thereafter be owned as tenants in common. The chancery court in such a case is not simply dealing with one spouse's property, but with their joint property. I do not read Shepherd as depriving the chancery court of this power, however.
NOTES
[1] Of historical interest about cases appearing in 42 Miss.Reports is the following quotation from Lusby v. Railroad Co., 73 Miss. 360, 19 So. 239 (1895).

Perhaps the case most cited for the false view is that of Railroad Co. v. Devaney, in the book entitled 42 Miss.Rep. [555]. The case has no binding authority upon us, nor does the doctrine of stare decisis have any application in the case referred to, nor in any other case found in the so-called 42 Miss. The opinions found in that volume are the utterances of a tribunal appointed by the military satrap who then ruled in a prostrate commonwealth, and have no other binding authority upon us than that each case therein must be regarded as res adjudicata.
[2] Our holding in Shepherd is contrary to the weight of authority. 41 Am.Jur., Husband and Wife, par. 106, p. 106, 59 A.L.R. 718 and 52 A.L.R. 890. It is generally held that a decree of divorce severs an estate by the entireties and makes the divorced spouses tenants in common. Although not expressed in our opinion in Shepherd, the reason for our holding is that only the unity of person is destroyed by the divorce, leaving intact the unities of time, title, interest and possession.
[3] Now Section 89-1-7 Mississippi Code Annotated (1972).