298 So.2d 704 (1974)
Merton Edward MILLER
v.
Janice Haydell MILLER.
No. 47555.
Supreme Court of Mississippi.
August 5, 1974.
*705 Bourdeaux & Jones, Meridian, for appellant.
Robert W. Bailey, Daniel P. Self, Jr., Meridian, for appellee.
SMITH, Justice:
The parties formerly were husband and wife, the relationship having been terminated by divorce.
For some two years following their marriage in 1956, the parties lived in a home in New Orleans, purchased for $10,000, title to which was taken in the husband's name. The parties then moved to Meridian, where another home was purchased, the proceeds from the sale of the New Orleans house having been used to make the down payment. Title to this new home was conveyed to the parties as joint tenants, with the right of survivorship. This was done, according to appellant, upon the advice of his own counsel and for the purpose of obtaining the benefits of that type of ownership. Some time later, this house was sold, and another purchased, title to this latter property also having been conveyed to both husband and wife as joint tenants, with the right of survivorship, the proceeds of the former home owned by them as joint tenants having been applied upon the purchase price. After a time, a new house was constructed upon this property, which was held by the parties, as stated, in joint tenancy. In 1972, after sixteen years, the marriage was terminated by divorce, the appellant having been the aggrieved party.
The parties hereto have agreed to a sale of the property now owned by them and to a division of the proceeds. Therefore, the present controversy involves only the question as to the respective proportions in which the parties shall share in the proceeds. This issue was submitted to the Chancery Court of Lauderdale County. From a decree of that court holding that the parties were entitled to equal shares, Merton E. Miller appeals.
Appellant claims that his contributions in money toward the eventual acquisition of the property presently owned represents 80/91 of the total, and that therefore, he is entitled to 80/91 of the proceeds of the sale. On the other hand, appellee contends *706 that her interest in the land, under the clear terms of the deed, is an equal share. She contends that she made substantial contributions, both in work and money, toward their eventual acquisition of the property during the sixteen years of marriage, and that she is entitled to one-half of whatever the sale may bring. The chancellor found for the appellee, the wife, and appellant, the husband, has appealed.
In Mississippi it is settled that dissolution of a marriage by divorce does not, of itself, affect title of the respective parties to real estate owned by them.
Notwithstanding that appellant, the former husband, may have contributed a greater sum in cash toward the purchased property, now owned by the parties, than did his wife, the fact is undeniable that appellee, the former wife, also earned and contributed over the years a substantial sum in money. And, while the husband was the principal "breadwinner," as in most cases, the wife performed work and services as the feminine partner to the marriage union, including work directly relating to the joint property, such as landscaping, decorating and the like.
Appellant cites Jezo v. Jezo, 23 Wis.2d 399, 129 N.W.2d 195 (1964), in support of this argument that he is entitled to a share in proportion to his cash contributions. However, in Jezo, the Court said:
Evidence of unequal contributions by way of money or services is a factor to be considered but is not necessarily controlling. The reason that unequal contributions alone may not be sufficient to rebut the presumption is that it might have been the intention of the party making the greater contribution to make a gift of that part of his or her contribution which exceeded one-half of the acquisition cost. Even where one of the parties furnished all the consideration, a gift might likewise have been intended of the one-half.
(129 N.W.2d at 197).
Here appellant admits that he knowingly, advisedly and intentionally had title to the property conveyed to himself and wife as joint tenants. Moreover, the estate of each, under the clear terms of the deed itself, is that of an equal joint tenant, with the right of survivorship. Also, this was true as to the property formerly owned by them, the proceeds of the sale of which was applied toward the purchase of the presently owned property.
A legally enforceable agreement to the contrary not having been established, the grantor's conveyance vested in each of the parties, as grantees, an equal estate in joint tenancy. Further, while the conveyance to husband and wife perhaps more accurately might be said to have created in them an estate by the entirety, dissolution of the marriage did not have the effect of altering the character, extent or attributes of the estate conveyed, and upon divorce, it remained one in equal joint tenancy, with the right of survivorship, under the express terms of the instrument which created it.
This Court has held:
When it is sought to destroy the sanctity of an instrument, such as a deed, by parol proof, and change its form from the absolute to the conditional, the proof necessary to alter or change the written instrument must be clear, unequivocal, and convincing... .
(Drummonds v. Drummonds, 248 Miss. 25, 33, 156 So.2d 819, 822 (1963)).
If, as contended by appellant, his cash contributions over the sixteen year period of the marriage substantially exceeded those of appellee, the circumstances of the case created a presumption that it was intended on his part that an equal interest in the property conveyed should go to appellee as a gift, notwithstanding a discrepancy in cash contributions. This presumption can be overcome only by clear and convincing proof to the contrary. Weeks v. Weeks, 72 Nev. 268, 302 P.2d 750 *707 (1956); Savich v. Savich, 12 Ill.2d 454, 147 N.E.2d 85 (1958).
Clearly this is not a case of mistake or inadvertence in the creation of the estate conveyed and acquired, so far as appellant himself was concerned, but was done by him knowingly, intentionally and deliberately, acting upon the advice of his own attorney.
The Court held in Weeks v. Weeks, supra, as follows:
"The benefits and dangers, the advantages and disadvantages of joint tenancies by husband and wife have been for many years the subject of wide discussion among lawyers, banks, trust companies and others, and in later years with a special view to federal tax liabilities. A choice of the tenancy must be made, and we may assume that it will sometimes be made inadvisedly or that later developments may indicate that the choice, seemingly advantageous at the time, has resulted in loss or hardship." Here the respondent by gift created a joint tenancy for the purpose of gaining certain advantages which such tenancy provided. The fact that respondent had in mind the advantages to be gained does not weigh against the creation of such a tenancy, but in its favor. The fact that he did not have in mind the disadvantages of joint tenancy is unfortunate but cannot act to destroy the tenancy or avoid the gift.
(302 P.2d at 752-753).
In Cox v. Cox, 183 So.2d 921 (Miss. 1966) this Court made the following observation:
Under the common law, the right of the husband to the services of his wife is a reciprocal marital obligation to that of the wife's right to the support from her husband.
......
"It has been said that by entering into the marriage she impliedly agrees to perform such services without compensation... ."
While reciprocal duties remain, this theory as to the wife's lowly position has been eroded not only by the passage of time but also by the enlightenment of people generally. In this country and throughout the civilized world in the present day such an idea may be said to have a strictly limited validity and application, if it continues to have any at all.
We conclude from the record that the chancellor correctly found that each of the parties is the owner of an equal estate in the property as joint tenants, under the clear terms of the conveyance, and that there is no evidence in the record to justify an alteration of the instrument so as to change this result. On the contrary, it appears beyond dispute that the character and attributes of the estate conveyed were the deliberate choice of appellant, acting upon the advice of his own counsel. Furthermore, if appellant's cash contributions over the years exceeded those of appellee, the presumption that appellant, in having the property conveyed to himself and his wife in equal joint tenancy, intended thereby a gift to appellee, has not been overcome by clear or convincing evidence and must prevail.
Affirmed.
GILLESPIE, C.J., and PATTERSON, INZER and SUGG, JJ., concur.
RODGERS, Presiding Justice (specially concurring).
I concur in the results reached in this case, but I must respectfully disagree with a statement found in the original opinion in this case. After quoting from Cox v. Cox, 183 So.2d 921 (Miss. 1966) the opinion has this Paragraph:
"While reciprocal duties remain, this theory as to the wife's lowly position has been eroded not only by the passage of time but also by the enlightenment of *708 people generally. In this country and throughout the civilized world in the present day such an idea may be said to have a strictly limited validity and application, if it continues to have any at all."
The rights and duties between husband and wife are not only ancient and sacred, but they are viable and imbedded in the case law of this nation. See 41 Am.Jur.2d Husband and Wife § 9, at 25 (1968). Moreover, civilization has not eroded them, but has more clearly defined the sacred duties surrounding and protecting the family group. 41 Am.Jur.2d Husband and Wife § 10, at 26 (1968).