336 So.2d 497 (1976)
Fannie S. SHEPHERD
v.
Thomas R. SHEPHERD, Deceased, by Harvey Henderson, Executor.
No. 48734.
Supreme Court of Mississippi.
August 10, 1976.
Ellen E. Goldman, Ralph Chapman, Marks, for appellant.
*498 Caldwell & Lewis, Marks, Harvey Henderson, Sumner, for appellee.
Before INZER, P.J., and SUGG and LEE, JJ.
INZER, Presiding Justice, for the Court.
This is an appeal by the executrix of the estate of Fannie S. Shepherd from a decree of the Chancery Court of Quitman County adjudicating that the tract of land in question became the property of Thomas R. Shepherd by the terms of a deed conveying the land to the parties. We affirm.
At a time when Fannie and Thomas Shepherd were man and wife, they purchased from Flossie K. Chism a house and lot in the town of Lambert. The deed in part stated: "I, Flossie K. Chism, do hereby and by these presents bargain, sell, convey and warrant unto T.R. Shepherd and Fannie S. Shepherd, his wife, as an estate in entirety, with the right of survivorship, and not as tenants in common, the following described real property... ." In 1966 Fannie Shepherd filed suit against Thomas Shepherd seeking a divorce, alimony and attorney's fee. The bill of complaint alleged that they owned the house and lot as an estate in entirety but that complainant had paid for the home and her husband should be required to execute to her a quit claim deed to the realty. Thomas Shepherd answered and denied that Fannie was entitled to a divorce, denied that he did not pay a part of the purchase price of the home, and alleged that he sold a house and lot in Memphis and paid on the purchase price of the property in question.
On May 26, 1966, Fannie Shepherd was granted a divorce but was denied alimony or attorney's fee. The decree specifically provided that no property rights were divested out of the defendant Thomas Shepherd. The decree further provided that all property rights in regard to the realty were taken under advisement for rendition of a decree in vacation at a time and place agreeable to the parties and the court. The decree specifically stated that the only issue held in abeyance was whether the grantees in the deed conveying the home as a matter of law, after the divorce became final, became tenants in common or remained joint tenants as an estate in the entirety. The decree then provided that Fannie was to have the exclusive use of the property described in the deed until her death or remarriage.
After rendition of this decree no further action was taken relative to the property and Fannie remained in possession of the property until her death. After her death in 1974, Thomas Shepherd filed a motion in the divorce case for a final hearing for determination of the estate of the parties, alleging that he was the sole owner of the property under the terms of the deed. The executrix of Fannie's estate was made a party to the proceedings. The executrix answered and alleged that the divorce terminated the estate in the entirety and the parties became tenants in common each owning a one-half interest in the property. The answer was made a cross bill praying that the court hold that the title to the property was vested one-half to Thomas Shepherd and one-half to the devisees named in the Last Will and Testament of Fannie Shepherd. The devisees under the will entered their appearance and joined in the prayer of the executrix.
After a hearing the chancellor held that the parties after the divorce continued to hold the property as joint tenants as an estate in the entirety with the right of survivorship and upon the death of Fannie Shepherd, Thomas Shepherd became the sole owner of the land.
After an appeal was perfected to this Court, Thomas Shepherd died and the cause has been revived in the name of Harvey Henderson, executor of his estate.
The only issue presented by this appeal is whether an estate in entirety with the right of survivorship is terminated and becomes an estate in common when the parties are divorced. Appellant's principal contention is that when the Shepherds were divorced they could no longer hold title to the property as tenants by entirety and *499 thereafter held the property as tenants in common. Section 89-1-7, Mississippi Code 1972 Annotated, provides as follows:
All conveyances or devises of land made to two or more persons, including conveyances or devises to husband and wife, shall be construed to create estates in common and not in joint tenancy or entirety, unless it manifestly appears from the tenor of the instrument that it was intended to create an estate in joint tenancy or entirety with the right of survivorship. But an estate in joint tenancy or entirety with right of survivorship may be created by such conveyance from the owner or owners to himself, themselves, or others, or to himself, themselves and others.
This section shall not apply to mortgages or devises or to conveyances made in trust.
Appellants argue that the above section does not abrogate the common law relative to the tenancy by the entirety, and under the common law, tenancy by entirety may exist only between husband and wife. Thus, it is argued that the divorce terminated the tenancy by entirety and the parties owned the land as tenants in common. We find no merit in this contention. In Miller v. Miller, 298 So.2d 704 (Miss. 1974), the deed to the property in question conveyed to husband and wife the property as joint tenants with the right of survivorship. The parties were divorced and some time later decided to sell the property. The dispute arose as to how the proceeds should be divided. In deciding this question we pointed out that in Mississippi it is well settled that the dissolution of the marriage by divorce does not of itself affect title of the respective parties to the real estate owned by them. In deciding the question involved in the case, we stated:
A legally enforceable agreement to the contrary not having been established, the grantor's conveyance vested in each of the parties, as grantees, an equal estate in joint tenancy. Further, while the conveyance to husband and wife perhaps more accurately might be said to have created in them an estate by the entirety, dissolution of the marriage did not have the effect of altering the character, extent or attributes of the estate conveyed, and upon divorce, it remained one in equal joint tenancy, with the right of survivorship, under the express terms of the instrument which created it. (298 So.2d at 706).
In the case before us the conveyance was to husband and wife as an estate in entirety with the right of survivorship. An estate in entirety is a joint tenancy with the right of survivorship plus the marital relation. If it can be said that after the dissolution of the marriage the parties could no longer be tenants by the entirety, they certainly remained joint tenants with the right of survivorship. The dissolution of the marital relation under the statute as now written did not destroy the joint tenancy with the right of survivorship. The parties continued to own the property as joint tenants with the right of survivorship until the death of Fannie Shepherd.
Appellant also argues that the parties intended that the estate by entirety be terminated. While it is true that a joint tenancy may be terminated by contract or agreement of the joint tenants as between themselves or may be deemed to have been terminated by implication when the parties enter into a valid contract containing provisions inconsistent with the continuance of the joint tenancy; however, there is no evidence in this case to support the claim the parties intended for the estate in entirety to be dissolved.
For the reasons stated, this case must be and is affirmed.
AFFIRMED.
GILLESPIE, C.J., PATTERSON, P.J., and SMITH, ROBERTSON, SUGG, WALKER, BROOM and LEE, JJ., concur.