434 So.2d 1361 (1983)
Bonnie Lou PARKER
v.
Ronald Keith PARKER, Executor of Estate of Carley Hugh Parker and Marion G. Barlow, Guardian of Carl Gregg Parker.
No. 54327.
Supreme Court of Mississippi.
July 27, 1983.
Jimmy D. McGuire, Gulfport, for appellant.
Billie J. Graham, Thomas T. Buchanan, Laurel, for appellee.
Before BROOM, P.J., and ROY NOBLE LEE and BOWLING, JJ.
ROY NOBLE LEE, Justice, for the Court:
Bonnie Lou Parker is the appellant in this case. Ronald Keith Parker, Executor of the Last Will and Testament of Carley Hugh Parker, and Marion G. Barlow, Guardian of Carl Gregg Parker, minor son and beneficiary of Carley Hugh Parker, deceased, are the appellees. The Chancery Court of the First Judicial District, Harrison County, Mississippi, Honorable William L. Stewart, presiding, entered a decree enforcing certain provisions of a previous divorce decree between Bonnie Lou Parker and Carley Hugh Parker and ordered sale of real property involved.
Bonnie Lou Parker and Carley Hugh Parker acquired on October 27, 1972, certain property occupied and used as their home, by the following language:
We, JOHN SCHREFFLER and LOIS SCHREFFLER, husband and wife, do hereby sell, convey and warrant unto CARLEY H. PARKER and BONNIE PARKER, husband and wife, not as tenants in common, but as joint tenants with the right of survivorship in either, ... .
On April 14, 1978, the Parkers were divorced. The decree recited that the parties announced to the court that they had reached a settlement before the conclusion of the hearing and the following was ordered with reference to the property involved here:
ORDERED, ADJUDGED AND DECREED, that the Defendant and Cross Complainant be and she is hereby awarded the use and possession of the jointly owned home located at 2006 Hands Drive, Gulfport, Mississippi, for a period of three (3) years, so long as her minor daughter, ROBIN JONES, shall remain there and while she is attending High School and college, and at the expiration of said three (3) year period, the house shall be placed on the market for sale and shall be sold at a figure not less than that determined as a result of two (2) independent *1362 appraisers, and the proceeds from the sale of said house shall be divided equally between the parties herein, and in the event of the remarriage of the said Defendant and Cross Complainant, or if she moves out of said house, or if ROBIN JONES does not attend High School or college, then the house shall immediately be placed upon the market for sale. That the Defendant and Cross Complainant shall assume the indebtedness on said home for said period in which she and her daughter reside in said home... .
Carley Hugh Parker died September 22, 1979, prior to the expiration of the three-year period provided in the divorce decree for the sale of the property. The question presented is whether or not the lower court erred in holding that the estate of Carley Hugh Parker possessed an undivided one-half (1/2) interest in the property and in enforcing the provisions of the divorce decree for the sale of the property.
Appellant contends that the divorce itself did not terminate the joint tenancy created by the warranty deed; that there was no property settlement; that there was no intention to destroy the joint tenancy; and that, upon the death of Carley Hugh Parker, the entire fee simple title became vested in appellant.
The appellant cites and relies upon Shepherd v. Shepherd, 336 So.2d 497 (Miss. 1976), which simply holds that an estate in entirety with right of survivorship did not terminate and become an estate in common when parties were divorced. However, the Court in Shepherd went further and stated:
Appellant also argues that the parties intended that the estate by entirety be terminated. While it is true that a joint tenancy may be terminated by contract or agreement of the joint tenants as between themselves or may be deemed to have been terminated by implication when the parties enter into a valid contract containing provisions inconsistent with the continuance of the joint tenancy; however, there is no evidence in this case to support the claim the parties intended for the estate in entirety to be dissolved. [336 So.2d at 499].
The appellees argue that, although no property settlement agreement was entered into for attachment to the divorce action, there was a firm agreement by the parties for the disposition of their home and such agreement was incorporated into the divorce decree as a consent decree and amounted to a contract which terminated the joint tenancy and vested the home property equally in the parties. We agree with that position of the appellees.
In Wray v. Langston, 380 So.2d 1262 (Miss. 1980), an agreement for conveyance of property was incorporated in the decree of divorce (by agreement) and we held that the decree itself did not divest title from the appellant but it simply set out and followed the agreement of the parties, and was an enforceable provision of the decree. See also Roberts v. Roberts, 381 So.2d 1333 (Miss. 1980).
The judgment of the lower court is affirmed.
AFFIRMED.
PATTERSON, C.J., WALKER and BROOM, P.JJ., and BOWLING, HAWKINS, DAN M. LEE, PRATHER and ROBERTSON, JJ., concur.