ROBERTSON, Justice,
concurring:
A tenancy by the entirety is a facility our law has long afforded married persons to arrange, if they wish, the incidents of ownership of their real property so that each may simultaneously hold the whole. Justice Prather describes the history of the estate in her separate opinion in a way I find unexceptionable, as does Presiding Justice Dan M. Lee, speaking for the Court. That the estate by the entirety has been abolished elsewhere and may be one of those anachronisms that exists by “blind imitation of the past” [1] need not detain us, as no one today argues we can or should abolish it.
The point for the moment is that severance of an estate by the entirety is a matter that is and always been controlled by formalities. Death terminates the estate, but we are not concerned with that today. Divorce may sever it, as well, but Florene Walker Childress and Ester Louie Chil-dress were not divorced on January 15, 1971, when they exchanged the deeds in issue. Past death and divorce, the only procedure our law accepts as effective to terminate a tenancy by the entirety is joint execution of a deed. Conversely, unilateral action of one spouse is without effect. Ayres v. Petro, 417 So.2d 912, 914 (Miss. 1982). While Shepherd v. Shepherd, 336 So.2d 497 (Miss.1976) fuzzes things up a bit, the dicta today's majority cites from that case still seems to suggest each party must sign and deliver the same writing, albeit Shepherd refers to that writing as a “contract or agreement” rather than a “deed,” Shepherd, 336 So.2d at 499. This is consistent with our long-standing rule.
The majority says it is clear the parties intended to sever the estate by the entirety, and no doubt this is so. The argument proves too much. A man may make a will and have it witnessed by only one person, and we may find that he intended the instrument as his will, but I doubt anyone would suggest we honor it, because it had not been made and subscribed according to the formalities the law demands. Miss. Code § 91-5-1 (Supp.1991). Insistence upon such formalities will, from time to time, disappoint a person’s preferences, but this is always true when the law prescribes a form for a person’s achieving a desired end. The very reason we opt for such forms — in contracts, deeds, wills, and otherwise — is that they are thought necessary that the parties know what they have done and with what effect and that third parties and courts thereafter may be sure what they have done. They are like rules of evidence and as such are by their nature arbitrary, but this has never been seen a reason for non-enforcement. Cf. Williams v. Mason, 556 So.2d 1045, 1048-49 (Miss. 1990); Bourke v. Callanan, 160 Mass. 195, 197, 35 N.E. 460, 461 (1893). Nor is it admissible ex post facto that we should have more intelligent formalities.
There is a narrower dimension, personal to the parties and their predecessors in interest. On May 11, 1981, the Chancery Court of the Second Judicial District of Tallahatchie County, Mississippi, decreed Florene Walker Childress and Ester Louie Childress divorced and the bonds of matrimony theretofore existing between them were held for naught. I do not doubt that from and after that date, May 12, 1971, to
*202 be safe, the Childresses could have executed and delivered in exchange warranty deeds otherwise verbatim to those here before us with full effect. This should suggest an analogous principle familiar to all lawyers, to-wit: if a grantor having no title to land purports to convey it by a warranty deed, he will be estopped to show that at the time of the deed he had no title to convey. If he later acquires the title, his after-acquired title will pass to the grantee without further conveyance by way of estoppel. See Burby, The Law of Real Property, 320 (3d Ed.1965). We call this principle estoppel by deed and have long accepted it in this state. Perkins v. Kerby, 308 So.2d 914 (Miss.1975).
On January 15, 1971, the Childresses had no legal power to destroy their estate by the entirety except they conform to the law’s formalities. They nevertheless executed and delivered warranty deeds to each other which failed to satisfy the rule of joint execution. This they did contemplating divorce. Had they been divorced at the time, no one would argue these deeds should not be accepted and enforced according to their tenor, for the law finds spent at divorce the force of its formality. Divorce removes the rule requiring joint execution of a single instrument to sever an estate by the entirety.
I would hold that, once the Childresses were divorced on May 11, 1971, they had acquired a legal status which would have thereafter permitted them to execute and exchange the deeds in question and with full effect according to their tenor. I would hold that, upon their divorce, the Childresses satisfied the only condition standing between them and the effectiveness of their respective warranty deeds, and that each and his or her successors in interest became thereafter estopped to deny their respective deeds.
PITTMAN and BANKS, JJ., concur.

. Holmes, The Path of the Law, 10 Harv.L.Rev. 457, 469 (1897).