## IN THE SUPREME COURT OF MISSISSIPPI

### NO. 93-CA-00696-SCT

*IN THE MATTER OF THE ESTATE OF VERA AGNES HUFF, DECEASED: GEORGE M. QUIN, ATTORNEY-EXECUTOR, AND JOHN W. HUFF*

*v.*

*CAROLE A. METZ*

| | |
|---|---|
| DATE OF JUDGMENT: | 06/22/93 |
| TRIAL JUDGE: | HON. J.N. RANDALL, JR. |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANTS: | GEORGE M. QUINN |
| ATTORNEY FOR APPELLEE: | RICHARD J. SMITH |
| NATURE OF THE CASE: | CIVIL - WILLS, TRUSTS AND ESTATES |
| DISPOSITION: | AFFIRMED - 6/20/96 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 7/11/96 |

**BEFORE PRATHER, P.J., BANKS AND SMITH, JJ.**

**PRATHER, PRESIDING JUSTICE, FOR THE COURT:**

### INTRODUCTION

¶1. The issue in this case is whether a testatrix may disregard the survivorship provision of a validly created joint tenancy in real property and, by will, provide for her interest in the joint tenancy to pass on her death to a party other than her co-tenant. This Court answers this question in the negative, and accordingly affirms the judgment of the trial court.

### STATEMENT OF THE FACTS AND CASE

¶2. On September 28, 1982, Vera Agnes Huff ("Huff") conveyed by warranty deed a parcel of real property in Harrison County, Mississippi to herself and to her granddaughter, Carole Ann Metz ("Metz"), "as joint tenants with full right of survivorship and not as tenants in common." On April 9, 1991, however, Huff executed a will, wherein she stated her intention to leave only one-half of said property to Metz and to leave the other half of said property to her son, John Huff. Huff's will provided in part that:

> On 9-28-82, Carol Ann had a deed drawn up leaving me and her as Joint tenants of my homestead with her having a sole right of survivorship. I now, by this Last Will and Testament,

revoke and cancel that sole right of survivorship, hereby leaving her only one-half of my original Homestead.

¶3. Huff died on May 17, 1992, and, upon her death, Metz informed the executor of Huff's estate of the existence of the warranty deed which created the joint tenancy and by which conveyance she claimed ownership of the entire interest in the real property. The Huff will was filed for probate on May 18, 1992, and the Chancellor ruled on June 22, 1993 that the real property in question was not a part of the estate of the deceased, but rather had passed to Metz by virtue of the right of survivorship. John Huff, appellant herein, timely filed an appeal from this ruling.

## LEGAL ANALYSIS

### I. WHETHER THE TRIAL COURT WAS IN ERROR IN NOT GRANTING THE APPELLANT HEIR AN EQUITABLE DIVISION OF ASSETS UNDER THE WILL.

### II. WHETHER THE TRIAL COURT WAS IN ERROR IN NOT MAKING THE REAL PROPERTY A PART OF THE PROBATE OF THE WILL.

### III. WHETHER THE TRIAL COURT WAS IN ERROR IN NOT DIVIDING THE REAL PROPERTY UNDER THE TERMS OF THE WILL.

¶4. Issues I, II, and III are combined as they are all properly dealt with by a holding that Huff had no legal power to unilaterally revoke the survivorship provision of the joint tenancy in her will, and that full ownership of the property covered under the joint tenancy passed to Metz upon Huff's death by operation of the right of survivorship. The Chancellor was clearly correct in his ruling so holding, and his ruling is therefore affirmed.

¶5. In *In Re Will and Estate of Strange*, 548 So.2d 1323 (Miss. 1989), this Court was faced with a similar fact situation to that in the present case. In *Strange*, Don Strange opened a joint investment account at Merrill Lynch with right of survivorship in his name and in that of his son. Nine months after opening the account, Strange executed a will which purported to convey the funds in the account to his son, daughter, and wife in equal shares. The trial court in *Strange* ruled that the original conveyance of the joint tenancy was void due to the fact that the creation of the account did not meet the requirements of a valid inter vivos gift, but this Court reversed, noting that:

> The parties have not cited, nor do we find, any Mississippi cases dealing with the precise issue presented by this appeal, *i.e.,* whether a testator can, by will, dispose of property which he placed, during his life-time in a validly created joint tenancy account with rights of survivorship.

*Id.* at 1325.

¶6. This Court went on to discuss a variety of pertinent, but not precisely on point, Mississippi cases before holding in *Strange* that:

> Absent from the above cases is the situation where the creator of a joint tenancy, or a joint tenancy, or a joint tenant, subsequently executes a last will and testament disposing of the joint tenancy funds to some other source. The answer has to be, and is, that the subsequent will does

not destroy the joint tenancy and does not terminate that tenancy and divest the corpus of it into the estate of the testator. In that respect, the joint tenancy differs from the tenancy in common.

*Id.* at 1328.

¶7. This Court reaffirms, yet finds no reason to restate, the rationale, based on basic principles of law, set out in *Strange* for the holding therein. This Court further finds no reason to distinguish the present case from the analysis in *Strange* merely because the present case involves a joint tenancy in real property rather than a joint investment or bank account; the analysis is equally applicable to the present case. If anything, the present issue is less ambiguous than in *Strange*, given that there is no doubt that the warranty deed in the present case served to create a joint tenancy with right of survivorship in favor of Huff and Metz.

¶8. Moreover, with regard to a joint investment or bank account, each party to said account is ordinarily given the right to withdraw all of the funds from the account during their lifetime, and, as such, the conveyance of a joint tenancy interest in a joint account is of a less permanent nature than a conveyance of a joint tenancy interest in real property. Huff had no legal authority to withdraw the inter vivos conveyance made to Metz during her lifetime, and she had no greater authority to convey that which she did not own in her will. This Court noted in *Shepherd v. Shepherd*, 336 So.2d 497, 499 (Miss. 1976) that parties may validly terminate a joint tenancy by agreement or by entering into a contract which is inconsistent with a joint tenancy. In order to terminate the joint tenancy, however, it was necessary for Huff to secure the consent of Metz, and Metz clearly did not consent to the termination of the joint tenancy.

¶9. Further, there is no evidence in the record that the conveyance of the warranty deed in question was the result of any duress or undue influence upon Huff by Metz. The Chancellor noted in his ruling the case of *Cooper v. Crabb*, 587 So.2d 236 (Miss. 1991), in which this Court reaffirmed the right of the parties to avoid probate through the use of joint tenancies with right of survivorship. This Court further held in *Crabb* that the trial courts must consider (if the issue is raised) whether, at the time the various instruments were signed, there was evidence of fraud, duress, overreaching, or undue influence. The Chancellor noted that there was no such evidence in the present case, and the record on appeal contains no indication of undue influence or duress. *Crabb*, 587 So.2d at 243.

¶10. John Huff urges that this Court reverse the trial judge for not making an "equitable division" of the property in the will. There is no evidence that this issue was raised on trial below, and there is further no legal basis for disregarding Metz's clear ownership rights in the real property in question based on equitable considerations. Thus, John Huff's points of error are overruled, and the judgment of the trial court is affirmed.

¶11. **JUDGMENT IS AFFIRMED**.

**SULLIVAN, P.J., PITTMAN, BANKS, McRAE, ROBERTS, SMITH AND MILLS, JJ., CONCUR. LEE, C.J., NOT PARTICIPATING.**